Frank BATSELL, Also Known as Frank Batsel, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14935.

United States Court of Appeals Eighth Circuit.

Dec. 6, 1954.

E. C. Mogren, St. Paul, Minn., for appellant.

Alex Dim, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

Appellant Frank Batsell, was convicted by a jury of violating the Mann Act, 18 U.S.C. § 2421. He appeals to this Court, asking that the conviction be set aside or that a new trial be granted.

In view of the fact that a jury found against the appellant, this Court must consider, in its determination of the present appeal, the facts most favorable to sustaining the jury's verdict. Jensen v. United States, 8 Cir., 1954, 213 F.2d 781; Cwach v. United States, 8 Cir., 1954, 212 F.2d 520.

Two cases were consolidated and tried together and a single record was made of the evidence. In the first case appellant Batsell and one Teddy Roosevelt Qualls were charged jointly with having violated the Mann Act on October 15, 1951, through having knowingly transported one Gloria Jordell from Minneapolis, Minnesota, to Milwaukee, Wisconsin, for the purpose of prostitution, debauchery, and other immoral purposes. In the second case, the appellant alone was charged with a separate violation of the same act on or about August 15, 1951, through having transported the same girl from Minneapolis, Minnesota, to the State of Wisconsin for like purposes. Pleas of not guilty were entered by both defendants and by agreement both cases were tried before the same jury. The jury returned a verdict of not guilty as to both defendants in the first case, but in the second case—the case wherein the appellant alone was charged—they returned a verdict of guilty. It is from this verdict that appeal is taken.

The facts upon which the conviction was based, as established by the evidence, are briefly as follows: Gloria Jordell, the victim of the appellant's illegal acts, was a prostitute operating in Minneapolis under the direction of the appellant. The appellant was acquainted with a person in Duluth, Minnesota, who he believed could obtain work for the victim in the City of Superior, Wisconsin, which is but a short distance from Duluth. It was therefore proposed that they drive from Minneapolis to Duluth and that at Duluth the appellant would communicate with the person who he believed could get her into a house of prostitution in Superior, Wisconsin. On the date in question, August 15, 1951, accompanied by four friends, Marcella Martin, her husband Levi Martin, Betty Amis, and her boy friend George Shelton, they started out in the appellant's car with appellant driving. En route to Duluth they ran into road difficulty. In an effort to avoid such difficulty they turned east, crossing the state line into Wisconsin, wherein they continued traveling until they reached and passed through Superior, Wisconsin, thereafter crossing the state line again into Minnesota, arriving at Duluth. At Duluth the appellant made a telephone call, subsequent to which he advised Gloria Jordell that he was unable to make the arrangements for her to work in Superior and that there was "nothing doing".

Appellant's first claim is that there is no substantial evidence in support of the verdict. This contention cannot be sustained. Gloria Jordell, the victim, testified positively to conversations with the appellant prior to leaving Minneapolis

concerning the purpose of the trip, his intention to get work for her in a house of prostitution in Superior, Wisconsin, and his contact man who would be found in Duluth. Marcella Martin, one of the persons in the car, while testifying that the trip was for pleasure only, did, however, state that she heard some conversation between the appellant and Gloria to the effect that they were trying to get a "job" for Gloria. The record indicates that while Batsell, who was driving, and the other two men in the automobile deny that they crossed the state line into Wisconsin, Gloria Jordell, who sat in the front seat with Batsell, testified that she held a road map on her lap and guided him in taking the Wisconsin highway and in passing through towns in Wisconsin, including Superior.

Viewing these positive assertions by Gloria Jordell in the light most favorable to the jury's determination, which we must do, it is the opinion of this Court that such evidence could well sustain the finding of the jury. The jury evidently attached more credibility to the testimony of Gloria Jordell than to that of the appellant Batsell or the other men in the automobile. Such is the prerogative of the jury which this Court cannot invade in order to weigh and consider the testimony of the witnesses. Our only province is to determine whether there is present in the record testimony which can fairly sustain the verdict rendered. A jury verdict, when based upon substantial evidence, is conclusive unless error is present in the record. See Cwach v. United States, supra.

Appellant urges that the verdict was the result of passion and prejudice. This claim is based largely upon the fact that two cases were tried before the same jury and that Gloria Jordell, who was the chief witness for the prosecution in both cases, was disbelieved by the jury in the first case. Inasmuch as the jury disbelieved her in the first case, appellant argues that she should be held completely discredited in the second case also, and that therefore the verdicts are inconsistent and the conviction in the instant case cannot be upheld.

The law is well settled that even if the verdicts were inconsistent, such inconsistency will not invalidate the guilty verdict. See Langford v. United States, 9 Cir., 1949, 178 F.2d 48, at page 52, wherein the Court stated:

"We do not think the acquittal on the first count is inconsistent with conviction on the second count, but even if it were, consistency in the verdict is not required."

See also Dunn v. United States, 1932, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment."

Point is also made of the fact that the appellant admitted that he had been previously convicted in the same court of a violation of the Mann Act with the same person, Gloria Jordell, through transporting her from Minnesota into South Dakota, and that that conviction was made by jurors of the same panel from which the present jury had been selected. No challenge was made to the jury panel which tried the instant case. No juror who sat on the South Dakota case sat on the instant case. In addition thereto, defendants used only six of their ten peremptory challenges. No prejudice is shown. The right to challenge the panel or to challenge a particular juror may be waived, and in fact is waived by failure to seasonably object. Carruthers v. Reed, 8 Cir., 1939, 102 F.2d 933, 939. It is established that failure to object at the time the jury is empaneled operates as a conclusive waiver if the basis of the objection is known or might have been known or discovered through the exercise of reasonable diligence, or if the party is otherwise chargeable with knowledge of the ground of the objection. 50 C.J.S., Juries, § 251.

Nothing in the record here indicates that the appellant lacked knowledge that his prior conviction was at the

hands of a jury chosen from the same panel as the jury in the present conviction. Even so, he has failed to indicate that any of the jurors on the panel were prejudiced as to his cause.

Appellant complains that even if the facts as must have been found by the jury were correct, they do not spell out a violation of the Mann Act and that the trial Court should have dismissed at the close of the plaintiff's case or at the close of the trial. Appellant claims that it is a well-established rule that a trip across a state line to a sister state must have an improper or immoral purpose and must not be a mere incident of another trip; in other words, his contention is that the detour from Minnesota into Wisconsin and back into Minnesota again was merely a matter of necessity caused by road conditions and that there was no improper purpose in going into the State of Wisconsin. He relies upon Mortenson v. United States, 1944, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.

In that case, the defendant, who operated a house of ill fame, took some of the inmates to another state for a vacation and then returned them, the inmates resuming the same profession. The court stated that the purpose of the trip was a vacation and that the mere fact that everyone knew that upon their return the victims would engage in prostitution would not make the defendants guilty, even on the return trip.

■ Appellant also relies upon Gillette v. United States, 8 Cir., 1916, 236 F. 215. In that case, the defendant induced a woman to go from one point in North Dakota to another point in the same state, with the intention of having intercourse with her. During the stay at the second point in North Dakota, Fargo, the defendant crossed the state line to Moorhead, Minnesota, for the purpose of a business engagement not connected with the case. When he had completed his work, he called the victim, asking her to come to Moorhead and have dinner with him. That was done and the two subsequently returned to Fargo, and thereafter the act was accomplished.

The court held that the evidence was insufficient to sustain a conviction under the Mann Act.

Neither case is in point here. The main purpose of this trip so far as the appellant and Gloria Jordell were concerned was to obtain work for her as a prostitute in Superior, Wisconsin. That was the ultimate objective. While it had been first intended that they would cross no state lines and would merely telephone while in Duluth, Minnesota, exigencies of the situation made it necessary for them to cross into Wisconsin, pass through the City of Superior, Wisconsin, and return again into Minnesota. This, in the opinion of the Court, constituted interstate commerce and established a violation of the act. What was said by this Court in Neff v. United States, 8 Cir., 1939, 105 F.2d 688, 691, is appropriate to the present situation.

■ "The gist or gravamen of the offense with which the defendant was charged is the interstate transportation of a female for immoral purposes, and the offense is complete the moment the female has been transported across the state line with the immoral purpose or intent in the mind of the person responsible for her transportation."

See also Mellor v. United States, 8 Cir., 1947, 160 F.2d 757, 765, certiorari denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858, wherein the Court stated:

"The offense for which defendants were convicted was interstate transportation of the girls for an illicit purpose condemned by the statute and was complete when the party entered the State of Wyoming, regardless of the exact terminus of the trip."

■ The accomplishment of the illicit purpose is not necessary to the establishment of guilt. Cleveland v. United States, 1946, 329 U.S. 14, 20, 67 S.Ct. 13, 91 L.Ed. 12. The offense is complete upon the transportation in interstate commerce of a female as a result of the illicit motive. Wilson v. Unit-

ed States, 1914, 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728. Thus, in the instant case, the act of crossing the state line from Minnesota into Wisconsin, done in furtherance of the illicit motive, is sufficient to establish a violation of the Mann Act, even though the immoral purpose was never achieved.

Appellant's claim for a new trial is predicated upon two bases: (1) That the trial court erred in permitting the witness, Marcella Martin, to state that she thought the term "job", as used in the conversation between the appellant and Gloria Jordell, meant "hustling and acting as a prostitute"; and, (2) That the trial court erred in questioning the defendant-witness Qualls concerning the reputation of the appellant on the north side of Minneapolis.

Neither contention presents a sound basis for a new trial. The testimony of Marcella Martin was properly admitted at the Court's discretion. While the ordinary rule confines the testimony of a lay witness to concrete facts within his knowledge or observation, the Court may rightly exercise a certain amount of latitude in permitting a witness to state his conclusions based upon common knowledge or experience. See United States v. Trenton Potteries, 1927, 273 U.S. 392, 407, 47 S.Ct. 377, 71 L.Ed. 700; Zimberg v. United States, 1 Cir., 1944, 142 F.2d 132, 135, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573. This, we think, was a proper place for the Court to exercise such discretion. The term "job", as used here, had a connotation different from the ordinary usage of the term. Marcella Martin, being a close friend of Gloria Jordell and knowing of her association with the appellant, was in a position to know in what sense the term was being used and therefore was properly permitted to testify as to what she thought was meant by the term.

Complaint is also made of the trial court's questions put to the defendant-witness Qualls with reference to the reputation of the appellant Batsell on the north side in Minneapolis. We find nothing improper in the Court's questions. In the trial of any case, the judge has the responsibility of seeing that justice shall prevail and to that end may question the witnesses and may even express his opinion with reference to their testimony, provided, of course, that he makes it clear to the jury that they are the ultimate determiners of the facts in question. See Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Fischer v. United States, 10 Cir., 1954, 212 F.2d 441, 444; Griffin v. United States, 83 U.S.App.D.C. 20, 164 F.2d 903, certiorari denied 333 U.S. 857, 68 S.Ct. 727, 92 L.Ed. 1137.

There being no error in the record, the conviction is affirmed.