**UNITED STATES of America,**

v.

**John WOODS, Appellant.**

**No. 15716.**

United States Court of Appeals
Third Circuit.

Argued May 16, 1966.

Decided Aug. 17, 1966.

Rehearing Denied Sept. 15, 1966.

Hubert I. Teitelbaum, Pittsburgh, Pa. (Morris, Safier & Teitelbaum and Jerome M. Libenson, Pittsburgh, Pa., on the brief), for appellant.

Stanley W. Greenfield, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Robert E. Tucker, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

## OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

Appellant John Woods, with a co-defendant, was tried on a twelve count indictment charging violation of 18 U.S. C. § 1010 which deals with the falsification of Federal Housing Administration applications. On June 15, 1965, the jury returned verdicts of guilty on counts 5, 7, 10 and 11b. This appeal from that conviction most competently argues what are in effect two grounds for reversal. The first is that the evidence is legally insufficient to sustain that conviction; the second urges that the trial judge abused his discretion in refusing to permit counsel for the defendant to interrogate the jurors individually.

■ The judge in his opinion, 246 F. Supp. 712 (1965), denying defendants' motions for acquittal and new trial, went into the sufficiency of evidence problem at length, citing numerous references to testimony and other evidence. Clearly, there were adequate proofs before the jury on which that body could have and did base its verdict.

The issue of whether or not the trial judge abused his discretion in the conduct of the voir dire does require some exploration. We are dealing with Rule 24(a) of the Federal Rules of Criminal Procedure. Pursuant to this the court has discretion whether it will examine the prospective jurors or permit the defendant or his attorney and the attorney for the government to do so. If the court examines, the rule states that it " * * * shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper."

■ In the case at bar the judge, who presided over the entire voir dire examination, chose to conduct the interrogation through his clerk in accordance with the practice of the particular district. Defense counsel requested permission to

" * * * question the jurors individually on the voir dire to determine their family status, their occupations, and that of the immediate members of their families, as well as certain other questions which the Court has approved but only for general question rather than individual question." The government joined in that motion. The judge ruled, "The Court will not permit any individual interrogation of jurors, but appropriate questions may be framed to ask of the entire panel covering the points that have been mentioned, that are relevant to this case." Seemingly the trial court did not feel that the expenditure of the time which would be taken up by a full voir dire inquiry initially for each individual was warranted in this trial. The court, however, did indicate that the defense would be given reasonable opportunity to have proper inquiries made of panel members. This is evidenced by the following dialogue between defense counsel and the court:

"Mr. Libenson: Off the record, may I ask the Court how we are going to get—I mean write down the answers to the general questions? Is this going to be by the show of hands? For instance, if you ask if they own their own home.

"The Court: If any of them answer affirmatively, then we can consider whether any further questions should be asked of that individual.

"Mr. Libenson: Oh, well, then, that is—

"The Court: If they all say they did not have any dealings with the F.H.A., then we will take it that they haven't.

"Mr. Libenson: I see.

"The Court: But if somebody has, then if we think it proper to go into what that dealing was, as bearing on the fitness to serve as a juror, that should be followed up. But if the answers are all negative then we won't go further."

And as the court stated in its opinion, p. 716, it " * * * permitted all questions desired by counsel to be asked."

The transcript itself is laden with numerous instances wherein individual examination was had and as a result of some of the answers challenges for cause granted. There was not a single occasion where appellant offered a specific question and was denied the right to have it put to the array or a member thereof. In the light of the above we cannot hold that appellant was denied opportunity to interrogate prospective jurors in an effort to determine possible prejudice upon which challenges could be based. Though appellant correctly cites our United States v. Napoleone, 3 Cir., 349 F.2d 350 (1965) as enumerating basic rights which must be allowed a defendant during the voir dire, the record fails to reveal that there was actual violation of those rights in the district court.

■ In an affidavit presented on behalf of defendant-appellant to the district court in conjunction with the motions for acquittal or new trial, the affiant is an assistant manager of the Mellon Bank. He avers that a Mrs. Helen Wagner and her husband have an F.H.A. Home Improvement Loan with the Mellon Bank and a balance of $123.84 on September 16, 1965. Mrs. Wagner was one of the jurors who convicted appellant. She did not respond when the question about having had dealings with the F.H.A. was addressed to the panel. That might have been an oversight on her part but assuming she deliberately refrained from answering, appellant has not established wherein he was prejudiced. We do not consider that the simple circumstance of Mrs. Wagner having an F.H.A. Loan, standing alone as it does, would affect her ability to render a just verdict. United States v. Eury, 268 F.2d 517 (2 Cir. 1959).

■ Direct interrogation in part at least by the attorneys for the litigants may be preferable at times but this under the Rule is within the discretion of the court. Questioning by the latter is in accord with Rule 24(a) and includes questions submitted by counsel. The judge did have his clerk read his questions and those from the attorneys, to the jury. This, while not categorically mentioned by the Rule comes within the latter's language " * * * or may itself conduct the examination." The judge did conduct it by having his questions asked of the jury by his clerk together with additional inquiries from counsel, approved by him, also read to the jury for him by his clerk. Where a judge is suffering from a minor disability e. g. his voice is strained, the reading of his questions and those of counsel by his clerk could be useful. And it must be conceded that though there be no such condition, as was apparently the fact in this appeal, the non reading of the questions by the judge himself would save him at least a certain amount of trial wear and tear. Neverthless, the voir dire examination is an integral, vital element of a fair trial. It is a portion of the unescapable burden of judges. They, despite any inconvenience to themselves, realize that theirs is the immediate responsibility for its sound functioning and that its malfunction might result in reversible error. Under all the circumstances we strongly suggest that the letter of Rule 24(a) be carefully observed inter alia in this respect, i. e. if the trial judge conducts the voir dire examination or part thereof, that he do so personally, which will include his reading of queries from the attorneys.

In this appeal we find no abuse of discretion or prejudicial error by the trial court with reference to jury selection.

The judgment of the district court will be affirmed.