**UNITED STATES of America,
Plaintiff,**

v.

**Frank SCHULLO, Defendant.**

**No. 3–73–Cr–149.**

United States District Court,
D. Minnesota,
Third Division.

April 1, 1975.

Robert· G. Renner, U. S. Atty., and
Thorwald H. Anderson, Jr., Asst. U. S.
Atty., Minneapolis, Minn., for plaintiff.

Ronald I. Meshbesher, Minneapolis,
Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This illegal gambling case, first as-
signed to the late Judge Philip Neville,
was tried by the undersigned in Feb-
ruary 1975, resulting in a guilty verdict.

Defendant Schullo moves for judg-
ment of acquittal or a new trial. Argu-
ment was directed principally to a new
trial on the grounds of discriminatory
prosecution against Schullo because the
cases against fellow defendants Horo-
witz and Mezo were dismissed and
should have been as to him, and that
Schullo was denied a fair and impartial
jury because juror Joanne Adams failed
to disclose on voir dire that her minister
father had taught the family that gam-
bling was wrong.[1]

---

1. Grounds #5 and #8, Defendant's motion filed February 21, 1975, Clerk's entry #296.

Neither of these grounds finds support in the evidence or the law.

██ As to the claim of discriminatory prosecution, the prosecutor is vested with reasonable discretion as to whom he will prosecute and whom he will not. Newman v. United States, 382 F.2d 479 (D.C.Cir.1967). Here the prosecutor joined too many defendants for trial in one case, a fact which became apparent to him—not without suggestions from the Court—as the time for trial approached. Two pled guilty before trial. The case against Schullo was severed because of his claimed illness and entry into the hospital on the eve of trial. Still eleven defendants, an inordinate number, remained to be tried together. The Government moved to dismiss as to defendants Compton, Mezo, Horowitz and Goss. These motions were granted, leaving a total of seven for joint trial. Schullo was later tried separately.

There is no showing that the prosecutor's judgment to dismiss as to these four defendants was based on other than his evaluation of the strength of his case against them, the extent of their involvement in the crime, and other reasonable factors stated in the record such as Horowitz's prostate trouble necessitating his frequent absences from the courtroom. It is also noteworthy that Schullo, unlike Compton, Mezo, Horowitz and Goss, was convicted of the same crime only a short time before. The Court of Appeals for the Eighth Circuit affirmed his conviction on January 3, 1975. United States v. Schullo, 508 F.2d 1200 (8th Cir., filed Jan. 3, 1975). It is not unlikely that the prosecutor reasoned, when deciding as to whom dismissals should be tendered, that a second offender charged with violating the same statute while appeal was pending from the first conviction, should, in the interest of justice, be prosecuted in preference to those not previously convicted. While the actual strength of the cases against Mezo, Compton, Horowitz and Goss was not shown because they were not tried, the case against Schullo was strong and convincing and the evidence fully justified the conclusion of the prosecutor not to dismiss as to him and of the jury in finding him guilty.

 Of course, mere selectivity in prosecution creates no Constitutional problem. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The Constitution is not violated unless the selection is deliberately based on an unjustifiable standard, such as race, religion, or other arbitrary classification. Oyler v. Boles, supra, Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497 (1944), Tollett v. Laman, 497 F.2d 1231 (8th Cir. 1974), U. S. v. Alarik, 439 F.2d 1349 (8th Cir. 1971). I am satisfied that the record here supports the reasonableness of the United States Attorney's action in dismissing as to four defendants and not as to Schullo and that such did not deny Schullo equal protection of the law. See Newman v. United States, *supra,* by now Chief Justice Burger, as to the range of discretion properly exercisable by the United States Attorney as a representative of the Executive Branch of Government.

Schullo's other principal ground for a new trial is that he was denied a fair and impartial jury because juror Joanne Adams did not disclose on voir dire in the Schullo trial that her minister father had taught the family that gambling was wrong.

The simple answer to this claim is that potential juror Adams did disclose that information when asked about it at the first trial when Schullo was still a defendant in that trial and his counsel was in attendance. She did not repeat the information in the second trial interrogation because she was not asked about it. In both instances she said she had no moral or religious feelings about gambling which would prevent her from acting fairly and impartially in the case, and she stated in both instances that she could be a fair and impartial juror.

An examination of the questions asked and the answers given in each of the two trials is necessary to an understanding and resolution of this claim.

In the first trial, Schullo was one of the defendants (although later severed) and the Court was asked to interrogate the jurors about membership in organizations or church bodies opposed to gambling. In response to this question juror Adams said, "My father is a retired minister and we were taught in our home gambling was wrong." She said that notwithstanding this, she could act impartially.

In the second trial, of Schullo alone, the Court this time was not asked to interrogate prospective jurors about membership in organizations or church groups opposed to gambling. The Court did ask jurors who had "any moral or religious feelings about gambling so that they could not act fairly and impartially" to raise their hands. Mrs. Adams did not raise her hand and said on personal interrogation that she could be a fair and impartial juror.

■ It thus appears that Mrs. Adams did not conceal any pertinent fact about her background and that she truthfully responded to every question asked and that in both cases she responded affirmatively to the question as to her impartiality. The proper test is whether a juror can be fair and impartial regardless of experience, background, preconceived notions, or prior views held. *See* Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), Johnson v. United States, 484 F.2d 309 (8th Cir. 1973), *see also* United States v. Woods, 364 F.2d 481 (3rd Cir. 1966). Mrs. Adams met that test.

■ When the first jury panel was interrogated, Schullo was still a named defendant and the record shows the presence of his attorney in the courtroom. It was not until after juror questioning that, on motion of Schullo's attorney, Schullo was severed from the first trial. Schullo's attorney therefore had the same opportunity as did counsel for the other defendants to hear Mrs. Adams' response to the interrogation about her membership in religious organizations opposed to gambling and the discretion to strike her name on the basis of that information when Mrs. Adams' name was again called for the later Schullo trial. *See* Batsell v. United States, 217 F.2d 257, 260 (8th Cir. 1954). Mrs. Adams fully and truthfully answered each question put to her and unqualifiedly stated her impartiality to act in each interrogation.

All of the other grounds asserted in the motions have been carefully considered and are found to be without merit. Most of the points raised by defendant have been decided against him in a series of recent Eighth Circuit opinions under the anti-gambling statute, 18 U.S.C. § 1955. See U. S. v. McMillan, 508 F.2d 101 (8th Cir., filed Dec. 31, 1974), U. S. v. John, 508 F.2d 1134, U. S. v. Padratzik, 508 F.2d 1134, U. S. v. Berstein, 508 F.2d 1134, U. S. v. Lekometros, 508 F.2d 1134 (8th Cir., filed Jan. 6, 1975), U. S. v. Bohn, 508 F.2d 1145, U. S. v. Kleve, 508 F.2d 1145, U. S. v. Randazza, 508 F.2d 1145, U. S. v. Thomas, 508 F.2d 1200, U. S. v. Schullo, 508 F.2d 1200, U. S. v. Schaefer, 510 F.2d 1307, U. S. v. Del Pietro, 510 F.2d 1307, U. S. v. Vinceri, 510 F.2d 1307, U. S. v. Lancaster, 510 F.2d 1307, U. S. v. Lonsberry, 510 F.2d 1307, U. S. v. Vogt, 510 F.2d 1307, U. S. v. Christophel, 510 F.2d 1307 (8th Cir., filed Jan. 3, 1975).

Defendant's motion for judgment of acquittal or a new trial is

Denied.