276 N.W.2d 636 (1979)
STATE of Minnesota, petitioner, Appellant,
v.
In re Welfare of F. C. R., Respondent.
No. 48640.
Supreme Court of Minnesota.
February 9, 1979.
*638 Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon Bergstrom and David Larson, Asst. County Attys., Minneapolis, for appellant.
William R. Kennedy, Hennepin County Public Defender, Robert T. Dolan, Gerard W. Snell, and Lane E. Ayres, Asst. Public Defenders, Minneapolis, for respondent.
Heard before SHERAN, C. J., ROGOSHESKE, and WAHL, JJ., and considered and decided by the court en banc.
WAHL, Justice.
The State appeals from an order of the Hennepin County District Court, Juvenile Division, denying its motion to refer respondent for adult prosecution pursuant to Minn.St. 260.125 on a charge of armed robbery. The juvenile court, without making findings as required by Minn.St. 260.125, subd. 2, denied the motion because the prosecutor delayed eight months in charging respondent. The issues on appeal are: (1) whether this delay was an abuse of prosecutorial discretion and (2) whether such a delay violated respondent's right to a speedy trial. We remand for further proceedings.
On November 19, 1975, the juvenile court referred respondent for adult prosecution on a charge of receiving and concealing stolen goods. Respondent pled guilty. The district court stayed imposition of sentence and placed respondent on probation for three years on the condition that he spend one year in the County Workhouse.
On January 15, 1977, respondent was apprehended for stealing a coat valued at $155.00. Because of this, the district court revoked respondent's probation and the stay of imposition of sentence. The district court sentenced respondent to 0-5 years and stayed execution of the sentence on the condition that respondent spend another year in the County Workhouse. The juvenile court, therefore, dismissed the adult reference motion resulting from the January 15th occurrence.
Respondent escaped from the County Workhouse on March 30, 1977, while on furlough to the Nexus program. On April 9, 1977, he allegedly committed an armed robbery and was immediately arrested. Because respondent admitted violating his probation by leaving the Nexus program without permission, the district court revoked the stay of execution of respondent's sentence and committed him to the St. Cloud Reformatory.
In July 1977, the sentencing judge, after being informed by the Minnesota Parole Authority that they intended to parole respondent on February 1, 1978, contacted the prosecutor's office urging that respondent be prosecuted for the April 9, 1977 robbery. The prosecutor charged respondent on December 22, 1977 and moved to refer respondent for adult prosecution. The juvenile court denied the motion because it found the eight-month delay "purposeful and oppressive in that it amounted to seriatim prosecution in order to develop a system of end-to-end sentencing rather than permit the Court or the paroling authority to consider concurrent sentencing."
1. We find no abuse of prosecutorial discretion in this case. Respondent does not claim discrimination in prosecution such that there is a denial of equal protection. Absent an abuse of discretion amounting to a denial of equal protection, a prosecutor has broad discretion as to whom to prosecute and for what offense. See, United States v. Alarik, 439 F.2d 1349 (8 Cir. 1971); United States v. Schullo, 390 F.Supp. 1067 (D.Minn.1975); Olsen v. State, 287 Minn. 536, 177 N.W.2d 424 (1970); State v. Andrews, 282 Minn. 386, 165 N.W.2d 528 (1969).
Respondent claims that the eight-month delay denied him due process because the court was not permitted to consider concurrent sentencing. Minn.St. 609.15 expresses a preference for concurrent sentencing, but this is not an absolute right. There is no assurance that respondent would have received a concurrent sentence had he been convicted of the April 9, 1977 robbery.
It appears from the record that the prosecutor did not charge respondent with the *639 April 9, 1977 robbery immediately because he was busy and because he knew respondent was incarcerated for a prior offense. The mere fact that a prosecutor waits to see how long a defendant serves on a prior offense before charging him with another crime does not deny the defendant due process. Arnold v. McCarthy, 566 F.2d 1377 (9 Cir. 1978). Under the circumstances of this case, the eight-month delay was not an abuse of prosecutorial discretion. The juvenile court, therefore, erred in denying the reference motion on this basis.
2. We consider next whether the eight-month delay violates respondent's right to a speedy trial. The Sixth Amendment right to a speedy trial does not attach until the defendant in a criminal case has become an "accused". United States v. Marion, 404 U.S. 307, 313, 321, 92 S.Ct. 455, 459, 463-64, 30 L.Ed.2d 468, 474, 479 (1971). Because respondent was incarcerated for probation revocation and not formally charged until December 22, 1977, the Sixth Amendment right to a speedy trial did not attach.
Absent the protection of the Sixth Amendment, the primary guarantee against overly stale charges is the statute of limitations. The due process clause of the Fifth Amendment guards against long delays when the Sixth Amendment right has not attached and the statute of limitations has not yet run. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). To establish a violation of the due process clause due to pre-indictment delay, a defendant must prove both actual prejudice and an improper state purpose. See, United States v. Hillegas, 578 F.2d 453 (2 Cir. 1978); United States v. Medina-Arellano, 569 F.2d 349 (5 Cir. 1978); United States v. Gray, 565 F.2d 881 (5 Cir. 1978); United States v. Weaver, 565 F.2d 129 (8 Cir. 1978); United States v. Partyka, 561 F.2d 118 (8 Cir. 1978); Arnold v. McCarthy, supra; United States v. Francisco, 575 F.2d 815 (10 Cir. 1978); United States v. Revada, 574 F.2d 1047 (10 Cir. 1978).
In this case respondent's only allegation of prejudice is losing the opportunity for concurrent sentencing. While the opportunity for concurrent sentencing is preferred, there is no showing that respondent would have received such sentencing. Nor is there proof of any improper State purpose, such as harassment or an attempt to obtain a tactical advantage. Therefore, there is no violation of respondent's Fifth Amendment due process right.
3. Our resolutions of the issues raised on appeal are not necessarily dispositive. The juvenile court has exclusive jurisdiction over matters involving juveniles unless it waives such jurisdiction pursuant to Minn.St. 260.125. This statute is permissive. The juvenile court need not waive jurisdiction even where a serious crime is involved. In the Matter of the Welfare of J. B. M., 263 N.W.2d 74, 76 (Minn.1978). In granting or denying the motion for adult reference, however, the juvenile court must indicate the statutory basis on which it relied. In re Welfare of K. T. N., 312 Minn. 576, 251 N.W.2d 636, 638 (1977); In re Welfare of I. Q. S. 309 Minn. 78, 86, 244 N.W.2d 30, 38 (1976). Because the juvenile court failed to make specific findings as required by Minn.St. 260.125, subd. 2, regarding this respondent's amenability to treatment in the juvenile system or the threat that he poses to public safety if the juvenile court retains jurisdiction, we remand the case to the juvenile court for such findings.[1]
Remanded to the juvenile court for further proceedings.
NOTES
[1] On remand, even if the juvenile court again denies the motion to refer respondent for adult prosecution, respondent must answer the petition concerning the April 9, 1977 robbery in juvenile court.