STATE of Minnesota, Respondent,

v.

Roxanne Beverly KLINDT, Appellant.

No. C6–86–1585.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., St. Cloud, for respondent.

C. Paul Jones, Public Defender, Susan J. Andrews, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Roxanne Klindt's probation was revoked and the trial court imposed a previously stayed 21–month prison sentence. Klindt contends that the prosecution's delay in charging her with the crime constituted a violation of her due process rights and that she is entitled to jail credit for time served on a similar offense committed in another county. She also disputes the trial court's order that she pay $1050 as reimbursement for costs of her extradition. We affirm but vacate the order of recoupment costs.

## FACTS

In October 1984 Klindt opened an account with the First Bank of St. Cloud (Stearns County) on four checks payable to her on the account of Michael D. Smith. The checks totaled $725 and she received $175 in cash and a packet of starter checks. Smith had reported his checkbook stolen and his account had been closed.

During that same month Klindt committed similar acts in St. Louis, Isanti, Mille Lacs and Pine Counties. In November 1984 she pleaded guilty in St. Louis County to charges of theft by check and uttering a forged instrument. She received concurrent sentences of 15 and 17 months and was committed to the Minnesota Correctional Facility at Shakopee. While in prison she filed for mandatory disposition of all detainers against her; there was no detainer or hold by Stearns County. She was released from prison on November 1, 1985.

A month after her release, Klindt was charged in Stearns County with uttering a forged instrument. Minn.Stat. § 609.625, subd. 3 (1984) (aggravated forgery). Klindt pleaded guilty and was sentenced to 21 months. The trial court departed dispositionally and stayed execution of the sentence.

Although the trial court specifically conditioned the stay with both oral and written directives to Klindt not to leave the state, Klindt left the state the day after her sentencing. A warrant issued for her arrest and she was arrested in New Mexico on June 7, 1986.

At a probation revocation hearing Klindt admitted to the violation. Defense counsel requested that Klindt receive jail credit for all the time served on the St. Louis County offenses. In support of his argument, defense counsel asserted that the Stearns County prosecutor knew of Klindt's activities in Stearns County and of her plea in St. Louis County, and that she should have been charged earlier to assure that her Stearns County sentence would be concurrent with the St. Louis County sentence.

The trial court denied Klindt's request for jail credit for time spent on the St. Louis County charges and ordered execution of the sentence. In addition, the court ordered her to pay $1050, the cost incurred by the State in returning her to Minnesota from New Mexico.

### ISSUES

1. Was appellant denied due process by the delay in prosecution?

2. Did the trial court err in denying appellant jail credit for time served on her previous conviction in another county?

3. Did the trial court err in requiring appellant to pay the costs incurred by the county in extraditing appellant to Minnesota?

### ANALYSIS

### I.

■ Appellant claims the delay in prosecution violated her constitutional rights to a speedy trial and to due process. Appellant's speedy trial claim fails because the delay here occurred before she was charged with any crime. *See U.S. v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971) (Sixth Amendment's speedy trial protection attaches only after a person has been accused of a crime); *State v. F.C.R.,* 276 N.W.2d 636, 639 (Minn.1979).

■ In *Marion,* the Supreme Court also considered the due process implications of a lengthy pre-indictment (or pre-complaint) delay. The Court noted that a statute of limitations is the "primary guarantee against bringing overly stale criminal charges." *Id.,* 404 U.S. at 322, 92 S.Ct. at 464 (quoting *U.S. v. Ewell,* 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966)). The Court held, however, that a delay may violate a defendant's due process rights if (1) the delay caused substantial prejudice to the defendant's right to a fair trial, and (2) the government intentionally delayed to gain a tactical advantage. *Id.,* 404 U.S. at 324, 92 S.Ct. at 465. *See U.S. v. Picciandra,* 788 F.2d 39, 42 (1st Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 166, 93 L.Ed.2d 104 (1986); *F.C.R.,* 276 N.W.2d at 639.

The prejudice that concerned the Supreme Court in *Marion* is prejudice related to the infringement of a defendant's ability to mount an effective defense *at trial.* *Marion,* 404 U.S. at 320, 92 S.Ct. at 463. *See also U.S. v. Gouveia,* 467 U.S. 180, 191, 104 S.Ct. 2292, 2300, 81 L.Ed.2d 146 (1984); *U.S. v. Reed,* 733 F.2d 492, 506 (8th Cir. 1984); *U.S. v. Elsbery,* 602 F.2d 1054, 1059 (2nd Cir.1979), *cert. denied,* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979). Here, Klindt pleaded guilty and there was no trial; hence there was no actual prejudice to her.

■ Klindt nevertheless claims that she suffered actual prejudice because of the lost opportunity for concurrent sentencing. The Minnesota Supreme Court has previously rejected a similar claim. *See F.C.R.,* 276 N.W.2d at 639. We recognize the limited applicability of *F.C.R.,* which was a pre-

guidelines case decided when concurrent sentencing was only "preferred." *Id.* However, the trial court's dispositional departure gave Klindt a significant opportunity to avoid serving any time on this offense, which she forfeited by violating the terms of the probation order. Klindt never made the claim of prosecution delay when she was charged, pleaded guilty, or was originally sentenced.

We also conclude that Klindt has not satisfied the second prong of the *Marion* test because it was not established that the government intentionally sought the delay in order to gain some tactical advantage. *See Marion,* 404 U.S. at 325–26, 92 S.Ct. at 465–66 (possibility of prejudice inherent in any delay was insufficient to show denial of due process). The record shows no inquiry into the reasons for delay. Klindt did not raise this issue until the revocation hearing and sentencing and did not notify the court or the prosecutor of its intent to raise the issue.

## II.

Jail credit is awarded for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn.R.Crim.P. 27.03, subd. 4(B). Klindt contends she should be given credit for all time she spent in prison for the St. Louis County convictions.

Implicit in Klindt's argument is the assertion that the Stearns County prosecutor should have filed charges earlier. In *U.S. v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), however, the United States Supreme Court rejected this contention. The Court stated:

> The decision to file criminal charges, with the awesome consequences it entails, requires consideration of a wide range of factors in addition to the strength of the Government's case, in order to determine whether prosecution would be in the public interest. Prosecutors often need more information than proof of a suspect's guilt, therefore, before deciding whether to seek an indictment.

*Id.* at 794, 97 S.Ct. at 2051. In an accompanying footnote, the Supreme Court cited the ABA Project on Standards for Criminal Justice, The Prosecution Function § 3.9 (App.Draft 1971), which lists factors that a prosecutor may properly consider in deciding whether and when to prosecute, including the "availability and likelihood of prosecution by another jurisdiction." *Id.* at 794 n. 15, 97 S.Ct. at 2051 n. 15. Again, the record is devoid of evidence that the delay in appellant's prosecution constituted an abuse of the prosecutor's discretion. *See id.* at 795, 97 S.Ct. at 2051 ("investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,' *United States v. Marion,* 404 U.S. at 324 [92 S.Ct. at 465] * * *.").

Appellant argues that the delay resulted in de facto consecutive sentences, in violation of the principle that the "Minnesota Sentencing Guidelines presumes concurrency in sentencing absent valid reasons for departure." *State v. Compton,* 340 N.W.2d 358, 360 (Minn.Ct.App.1983) (citing Minnesota Sentencing Guidelines, II.F.). In *Compton,* this court noted that setting a revocation hearing just before a defendant was scheduled for release from prison "is not consistent with the spirit of the Guidelines." *Id.* at 360. Appellant further claims other decisions since *Compton* prohibit the treatment given her. *See State v. Dulski,* 363 N.W.2d 307 (Minn.1985); *State v. Patricelli,* 357 N.W.2d 89, 94 (Minn. 1984); *State v. Bauman,* 388 N.W.2d 795 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Aug. 20, 1986).

There are crucial differences between the cited cases and the circumstances presented here. In *Dulski, Patricelli,* and *Bauman,* the defendants had been in custody partly because of a "hold" placed on them by another county or prosecutorial authority. In *Compton,* the trial court vacated a stay of imposition of sentence when the defendant violated probation by committing another felony in another county. Although the defendant remained in prison on the offense that triggered the revoca-

tion proceedings, no effort was made to serve the order vacating the stay until he was about to be released. *Compton*, 340 N.W.2d at 359. The court gave the defendant credit against the sentence imposed on the prior felony for time spent in prison waiting for the revocation hearing, notwithstanding that his imprisonment resulted from an unrelated felony.

In contrast, Stearns County never placed a hold or logged a detainer against appellant while she was in custody. Nor was appellant's custody in any way related to or dependent on crimes she may have committed in Stearns County, as she was not even charged with the Stearns County offense until after she was released from prison.

 The application of the presumption in favor of concurrent sentences has not been extended past incidents where the defendant was already being held in connection with the related charge, and appellant presents no compelling reason for such an extension. The Stearns County matter involved separate offenses, committed in a separate county on separate dates. We find no authority to support the notion that the similar nature of crimes requires jail credit to produce a concurrent result. Appellant's time in prison for her convictions in St. Louis County was not time spent "in connection with" the Stearns County offense, and the trial court did not err in refusing appellant's request for jail time credit.

### III.

In *State v. Anderson*, 378 N.W.2d 632, 635 (Minn.Ct.App.1985) we held that there is no statutory authority for the State to recoup its extradition costs for returning an offender to the state. We must vacate this award.

### DECISION

Appellant's 21–month executed sentence imposed after a probation violation was lawful. The order requiring appellant to pay $1050 as recoupment of extradition costs is vacated.

Affirmed as modified.