**STATE of Iowa, Appellee,**

v.

**Jose L. DeALEGANDRO, Appellant.**

**No. 91–1555.**

Court of Appeals of Iowa.

Sept. 29, 1992.

Linda Del Gallo, State Appellate Defender, and Elizabeth E. Quinlan, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas Tauber, Asst. Atty. Gen., William Creasey, County Atty., and Ann Terry, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

## FACTS

On March 7, 1991, the defendant-Jose DeAlejandro, Raul DeAlejandro, and Sandra Garcia were arrested as the result of a narcotics transaction. On March 19, 1991, the date of the defendant's eighteenth birthday, the State formally arrested the defendant and charged him with delivery of cocaine. Charges were filed against Raul DeAlejandro and Garcia on March 7, 1991, the date of the incident.

Prior to trial, the defendant filed a motion to dismiss or, in the alternative, to transfer jurisdiction of his case to juvenile court pursuant to Iowa Code section 803.5 (1991). The district court denied the motion to dismiss and refused to transfer jurisdiction. The district court based its ruling on the defendant's failure to file the section 803.5 motion within ten days after his initial appearance and upon a finding that it was improbable the juvenile court would retain jurisdiction of a juvenile twelve days short of his eighteenth birthday.

Iowa Code section 803.5 provides in pertinent part:

1. An adult who is alleged to have committed a criminal offense prior to having reached the age of eighteen may be transferred to juvenile court for adjudication and disposition as a juvenile, provided that the taking of that person into custody for the alleged act or the filing of a complaint, information, or indictment alleging the act, occurs within the time period and under the conditions specified in chapter 802 and further provided that the juvenile court has not already waived its jurisdiction over the person and the alleged offense.

2. The defendant or the county attorney may file a motion for the transfer any time within ten days of the initial appearance.

Iowa Code § 803.5 (1991).

At trial, the defendant unsuccessfully renewed his motion to dismiss. A jury found the defendant guilty of delivery of cocaine, and he was sentenced up to a term of ten years imprisonment and fined $1000. The district court waived any mandatory minimum incarceration. It also ordered the defendant to pay restitution and attorney fees. The defendant appeals. We affirm.

## SCOPE OF REVIEW

■ When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987). This is the equivalent of a de novo review. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980).

## ANALYSIS

The defendant claims the district court erred in denying his motion to dismiss. He claims the State violated his due process rights by purposefully waiting until his eighteenth birthday to begin the prosecutorial process against him. We disagree.

To prevail in his claim that preaccusatorial delay denied him his due process rights, the defendant must show the following: "(1) the delay was unreasonable, and (2) because of the delay his ability to present his defense actually was prejudiced." *State v. Wagner*, 410 N.W.2d 207, 210 (Iowa 1987) (citing *State v. Hall*, 395 N.W.2d 640, 642 (Iowa 1986); *State v. Williams*, 264 N.W.2d 779, 783 (Iowa 1978)).

### I. *Unreasonable Delay.*

■ The defendant claims the officers' delay in bringing charges was intentional, unreasonable, and intended to give the prosecution a tactical advantage over the defendant. The State concedes the delay was intentional. However, it does not concede the delay was either unreasonable or intended to give the prosecution a tactical advantage. Detective Havemann testified his motive was simply to avoid a juvenile court proceeding which he considered futile and wasteful.

**452**

The Iowa Supreme Court has held it will not presume that a delay in bringing charges is due to impropriety or bad faith on the part of the State. *State v. Hall*, 395 N.W.2d at 643 (citing *State v. Sunclades*, 305 N.W.2d 491, 495 (Iowa 1981)). The record does not demonstrate Detective Havemann acted in bad faith. Further, there is no evidence he was trying to secure a tactical advantage for the prosecution. Absent such evidence, we find the delay was not unreasonable.

II. *Prejudice.*

 The defendant claims the State's delay prejudiced him due to the fact a juvenile defendant who has been waived from the juvenile court to the district court may receive certain benefits which other defendants do not receive. First, the defendant complains that because the juvenile court did not waive its jurisdiction over him and the prosecution of his case began directly in the district court, he lost the opportunity to be considered for a mandatory minimum sentence more lenient than the one which would otherwise apply. *See* Iowa Code § 232.45(12) (1991). However, the district court declined to impose *any* mandatory minimum sentence. We find the defendant cannot claim he was prejudiced by the loss of an opportunity to be considered for a lenient mandatory minimum when, as a fact, the sentencing was not subject to any mandatory minimum sentence.

Second, the defendant complains that because the juvenile court did not waive its jurisdiction over him, and the prosecution began directly in the district court, he lost the opportunity to have the records of his case sealed. This alleged prejudice is wholly speculative. Even if this prosecution had begun in the juvenile court, it would be many years before we could determine whether the defendant would be eligible to have the records of the case sealed. We find the defendant's speculation of prejudice falls short of the showing of actual prejudice which is required to establish his due process claim.

Finally, the defendant does not allege preaccusatorial delay impaired his defense or interfered with his right to a fair trial. Rather, he alleges loss of a possible sentencing option and loss of the opportunity to have the records of his case sealed. To the extent the constitutional guarantee does not pertain to such factors, we find the defendant has not suffered prejudice within the meaning of the relevant authorities. *See State v. Wagner*, 410 N.W.2d at 210; *State v. Hall*, 395 N.W.2d at 642; *State v. Sunclades*, 305 N.W.2d at 494; *State v. Williams*, 264 N.W.2d at 783; *State v. Schlick*, 257 N.W.2d 59, 61 (Iowa 1977); *State v. Burrell*, 255 N.W.2d 119, 121 (Iowa 1977). *See generally United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 481 (1971); *United States v. Elsberry*, 602 F.2d 1054, 1059 (2d Cir.1979); *State v. Klindt*, 400 N.W.2d 127, 129 (Minn.Ct.App.1987).

After considering all issues presented, we affirm the district court.

Costs of this appeal are taxed to the appellant.

AFFIRMED.