FREEDOM WIRELESS,
INC., Plaintiff

v.

BOSTON COMMUNICATIONS
GROUP, INC., et al.,
Defendants.

No. CIV.A. 00–12234EFH.

United States District Court,
D. Massachusetts.

May 2, 2005.

A. William Urquhart, Adrian M. Pruetz, Aimee DeSantis, Christopher Tayback, Diane C. Hutnyan, Erica P. Taggart, Johanna Y. Ong, John J. quinn, Marshall M. Searcy, III, Michael T. Zeller, Steven D. Anderson, William C. Price, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, Carolyn I. McGowan, Cheryl R. Brunetti, Douglas C. Doskocil, F. Dennis Saylor, IV, James Rehnquist, John K. Felter, Paul F. Ware, Goodwin Procter

LLP, Boston, MA, Robert A. Pressman, Bramson & Pressman, Conshohocken, PA, for Freedom Wireless Inc, Plaintiff.

John Nilsson, Katherine M. Hamill, Michael B. Keating, Philip C. Swain, Stephen B. Deutsch, Stephen C. Warneck, Verne W. Vance, Jr., Vickie L. Henry, Foley Hoag LLP, Boston, MA, Kirk A. Damman, Lewis, Rice & Fingersh, LC, St. Louis, MO, Susan E. Stenger, Perkins, Smith & Cohen, LLP, Boston, MA, Todd E. Thompson, Howard Rice Nemerovski Canady Falk & Rabin, San Francisco, CA, for Boston Communications Group, Inc.

Adrienne L. Taclas, Christopher B. Hockett, Eric F. Pierson, J. David Hadden, James G. Snell, Mary T. Huser, Michael E. Woods, Patrick T. Weston, Bingham McCutchen LLP, East Palo Alto, CA, Denis R. Salmon, Gibson, Dunn & Crutcher LLP, Palo Alto, CA, Rebecca Hooley, Bingham McCutchen LLP, San Francisco, CA, Victor H. Polk, Jr., Bingham McCutchen LLP, Boston, MA, Lawrence G. Green, Perkins, Smith & Cohen, LLP, Boston, MA, Monique M. Drake, Gibson, Dunn & Crutcher LLP, Denver, CO, for AT&T Wireless PCS, CMT Partners.

Douglas J. Kline, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Edward DiLello, Darby & Darby, New York, NY, Jason D. Frank, Bingham McCutchen, LLP, Boston, MA, Kevin L. Reiner, Laura Brutman, Darby & Darby, New York, NY, Paul R. Griffin, Thelen Rein & Priest LLP, San Francisco, CA, Jennifer L. Conrad, Testa, Hurwitz & Thibeault, LLP, Boston, MA, for Airtouch Communications, Inc.

Douglas J. Kline, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Edward DiLello, James Hanft, Darby & Darby, New York, NY, Nan E. Joesten, Norma G. Formanek, Farella Braun & Martel LLP, San Francisco, CA, Peter D. Baird, Lewis & Roca, Phoenix, AZ, Pierre R. Yanney, Darby & Darby, New York, NY, Richard A. Halloran, Lewis & Roca, Phoenix, AZ, Robert Laurenzi, Scott G. Lindvall, Darby & Darby, New York, NY, Jennifer L. Conrad, Testa, Hurwitz & Thibeault, LLP, Boston, MA, for Bell Atlantic Mobile.

Christopher R. Dillon, Mark Szpak, Ropes & Gray, LLP, Boston, MA, Edward Han, Mark D. Wegener, Martin F. Cunniff, Howrey & Simon, Washington, DC, Luke T. Cadigan, U.S. S.E.C., Boston, MA, for Rogers Wireless, Inc.

John Nilsson, Michael B. Keating, Philip C. Swain, Stephen B. Deutsch, Foley Hoag, LLP, Boston, MA, for Western Wireless Corp. Monique M. Drake, Gibson, Dunn & Crutcher, LLP, Denver, CO, Marcus E. Cohn, Nixon Peabody, LLP, Boston, MA, Christopher B. Hockett, James G. Snell, Mary T. Huser, Bingham McCutchen LLP, East Palo Alto, CA, for Cingular Wireless, LL.

### RULINGS ON THE ADMISSIBILITY OF STEVEN HOGAN'S DEPOSITION TESTIMONY

HARRINGTON, Senior District Judge.

Having reconsidered its rulings on plaintiff's objection to and motion to strike the introduction of portions of Steven Hogan's deposition testimony previously admitted, the Court sustains plaintiff's objection to the introduction of said testimony and strikes same. In raising its objection and motion to strike, plaintiff makes two arguments: first, that Hogan, a lay witness, improperly gave expert opinion testimony during his deposition, and, second, that portions of Hogan's lay testimony were not sufficiently corroborated.

The previously admitted portions of Hogan's deposition are not proper lay witness testimony because they contained opinions based on highly technical and specialized knowledge. Federal Rule of Evidence

701(c) provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are ... not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

██ Here, Hogan testified that it would have been "obvious" and/or "trivial" to use his call-processing invention (1) to process prepaid cellular calls, (2) to use the ANI instead of the debit card number to identify calls, and (3) to combine his invention with CSI's cellular switch proposal.

██ This testimony is not the type of lay opinion contemplated by Rule 701, but falls within the realm of expert opinion described in Rule 702. Hogan's opinions on obviousness and triviality were based on his highly technical and specialized knowledge of telecommunications. But Rule 701 explicitly bars lay witnesses from giving opinions based on technical or specialized knowledge. Instead, lay opinion is proper only when it involves a witness "stat[ing] his conclusions based upon common knowledge or experience." *United States v. Oliver,* 908 F.2d 260, 263–64 (8th Cir.1990) (quoting *Batsell v. United States,* 217 F.2d 257, 262 (8th Cir.1954)). *See United States v. Espino,* 317 F.3d 788, 796–97 (8th Cir.2003) (permitting witnesses experienced in drug trade to testify to weight and quantity of methamphetamine based on prior experience with weighing same).

Here, it is undisputed that Hogan's opinions were not based on his prior experience of actually processing prepaid cellular calls, using an ANI to identify calls, or combining his invention with CSI's cellular switch proposal. Instead, they were derived from his specialized knowledge of telecommunications. Applying his specialized knowledge to the aforementioned topics, Hogan was then able to conjecture an opinion with respect to their triviality or obviousness. This type of abstract opinion, which is several degrees removed from Hogan's actual experience, is the classic type of expert testimony contemplated by Rule 702. As a lay witness, Hogan simply was not competent to testify as such.[1]

Notwithstanding the plain language of Rule 701(c), defendants argue that Hogan's opinions were admissible under *Union Pacific Resources Co. v. Chesapeake Energy Corp.,* 236 F.3d 684, 692–93 (Fed. Cir.2001), in which the court permitted eight lay witnesses to give an opinion as to enablement. That case, however, is distinguishable on two grounds. First, the Federal Circuit applied the law of the Fifth Circuit, which, at that time, "allowed lay witnesses to express opinions that required specialized knowledge." *Id.* at 693. The Fifth Circuit rule is antithetical to Rule 701(c)'s express prohibition on a lay witness giving an opinion based on specialized knowledge. *Compare Union Pacific,* 236 F.3d at 693, *with* Fed.R.Evid. 701(c).

Second, and more importantly, the trial judge's decision in *Union Pacific* to admit the lay opinion testimony was made before the 2000 amendment to Rule 701. *See Union Pacific,* 236 F.3d at 687. This 2000 amendment added the phrase "scientific, technical, or other specialized knowledge" that now constitutes Rule 701(c). Prior to the 2000 amendment, Rule 701 did not

---

**1.** This is not to say that Hogan could not have so testified had he been properly disclosed as an expert under Rule 26(a)(2) of the Federal Rules of Civil Procedure. As an inventor, Hogan would qualify as one of exceptional skill in the art and would have been competent to testify as to what would have been obvious to one of ordinary skill in the art. *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.,* 122 F.3d 1040, 1042 (Fed.Cir. 1997).

exclude lay opinions based on scientific, technical, or specialized knowledge.[2] This lack of a prohibition blurred the distinction between lay witnesses and expert witnesses. 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 347 (2d ed. 1994 & Supp. July 2004).

The purpose of the 2000 amendment was to ensure that witnesses would fall into either the expert-witness or lay-witness category. Indeed,

> the amendment ... put an end to the blurring of the line between the two categories [of expert witnesses and lay witnesses], which had led to decisions allowing "lay" witnesses to testify more and more like experts, relying on training and experience and drawing conclusions that lay witnesses are not normally allowed to draw.

*Id.*

In addition, the 2000 amendment would "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed.R.Evid. 701 advisory committee's note. Thus, "any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."[3] *Id.*

Based on *Union Pacific*'s reliance on a Fifth Circuit rule and an outdated version of Rule 701, the Court rejects defendants' argument that *Union Pacific* dictates the admission of Hogan's lay opinions on obviousness and triviality.

 Next, the Court strikes the portion of Hogan's testimony concerning his implementation of a prepaid system, referred to as LinkUSA, at a hotel in Iowa. Although Hogan's statements on this matter constituted proper lay testimony, defendants have not introduced sufficient evidence to corroborate this testimony. "[C]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent, regardless of his or her level of interest." *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir.1999). Here, the only evidence corroborating Hogan's testimony about the implementation is a LinkUSA advertisement. This advertisement does not indicate that Hogan had in fact implemented the system, does not refer to a hotel system, and does not mention a transparent prepaid system. Accordingly, the Court rules that the advertisement is insufficient to corroborate Hogan's testimony on this matter.

Therefore, upon reconsideration, the Court sustains plaintiff's objection and grants plaintiff's motion to strike the pre-

---

**2.** Prior to the 2000 amendment, Rule 701 provided as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

**3.** For the sake of the record, the Court notes that defendants, with respect to Hogan, did not satisfy the requirements for expert wit-

nesses. Defendants have not pointed to any instance during this litigation in which they disclosed Hogan as an expert witness. *See* Fed.R.Civ.P. 26(a)(2) (setting forth disclosure requirement). Nor did defendants show, through the introduction of expert reports or otherwise, that Hogan's opinions were based upon sufficient facts or data, that Hogan's opinions were the result of reliable principles and methods, or that Hogan applied the principles and methods reliably to the facts of this case. *See* Fed.R.Evid. 702 (listing criteria for expert-opinion testimony).

viously admitted portions of Hogan's deposition testimony.

SO ORDERED.