MELLOY, Circuit Judge,
Concurring in Part.
I concur in the judgment. I also concur in the majority opinion in all respects other than those portions of section II.A. that categorically reject the possibility of applying plain error review to an unpreserved voir dire issue concerning juror partiality. I would limit today’s holding refusing to apply plain error review narrowly to the facts of this case.
The majority cites Batsell v. United States, 217 F.2d 257 (8th Cir.1954), for the proposition, “The right to challenge the panel or to challenge a particular juror may be waived, and in fact is waived by failure to seasonably object.” Id. at 260. The court refers to this waiver as a “conclusive waiver” and states that, “by failing to object or otherwise elect to remove Juror S.R. using a peremptory challenge during voir dire, Johnson ‘intentionally relinquished or abandoned a known right.’ ” Supra at 501. I write separately because I believe that, in light of United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), there exists no bright-line rule precluding the application of plain error review in situations involving unpreserved voir dire issues. See, e.g., United States v. Mann, 685 F.3d 714 (8th Cir.2012) (applying plain error review to an unpreserved challenged based upon purported juror partiality). I believe instead that the intervening Supreme Court precedent and the clarity that has been brought to our law since Olano suspends our need to treat a case such as Batsell as binding the circuit today. See, e.g., United States v. Lewis, 673 F.3d 758, 761 n. 1 (8th Cir.2011) (stating in a different context that, “Any suggestion ... that counsel *507 may waive, as opposed to forfeit, a defendant’s right ... merely by failing to object ... does not survive Olano”). Here, the first-in-line rule of our court for addressing intra-circuit splits, as announced in Mader v. United States, 654 F.3d 794, 800 (8th Cir.2011) (en banc), simply does not apply; the Supreme Court has broken our arguable chain of authority.
On the limited facts of the present case, however, I believe it is sufficiently clear that Johnson’s counsel identified and addressed the issue of possible bias to infer an actual waiver rather than a mere forfeiture. Arguably, there was inadequate rehabilitation of Juror S.R. given the fact that she admitted a possible bias and that her attempted rehabilitation did not amount to a firm statement of impartiality. See United States v. Amerson, 938 F.2d 116, 118 (8th Cir.1991) (abrogated on other grounds) (“When jurors express this kind of bias, the district court must either excuse the jurors for cause, or by instructions and additional questions convince the jurors that there is no special credence due the testimony of police officers.” (internal quotation marks and alterations omitted)). Still, as quoted by the majority, supra at 499-500, defense counsel specifically questioned Juror S.R., probed her ability to be impartial, and elected to cease the voir dire colloquy with her at a point short of full rehabilitation. Counsel therefore not only knew of the potential impartiality, but affirmatively explored the issue. I believe this record provides adequate clarity to infer that counsel purposefully waived any challenge to Juror S.R. As such, I agree with the majority that it is not necessary to apply plain error review in this particular case.