IN RE WELFARE OF K. T. N.

251 N. W. 2d 636.

February 25, 1977—No. 47235.

Gary W. Flakne, County Attorney, and David W. Larson, Assistant County Attorney, for petitioner.

William R. Kennedy, Chief Public Defender, and Lane Ayres, Assistant Public Defender, for respondent juvenile.

PER CURIAM.

Petitioner, State of Minnesota, seeks a writ of mandamus requiring the Hennepin County District Court, Juvenile Division, to vacate its order staying all proceedings and to direct the adult prosecution to proceed upon the granting of its motion for reference of the juvenile for prosecution as an adult. Writ denied.

On January 7, 1976, a delinquency petition was filed in the Hennepin County Juvenile Court alleging that respondent, K. T. N., had willfully inflicted great bodily harm upon another. A hearing was conducted on March 17, 1976, to consider the state's motion to refer the juvenile for prosecution as an adult. Minn. St. 260.125. The juvenile court denied the motion but in its consideration apparently excluded certain evidence concerning the nature of the crime and an alleged confession by respondent. The state filed its notice of appeal from the order denying its motion for reference on April 1, 1976.

On July 23, 1976, the respondent stipulated to this court that the relief requested by the state on appeal, including the exclusion from evidence of the respondent's written confession and a police officer's observations of the victim at the hospital after the incident, was not contested. Therefore, by order dated August 6, 1976, the matter was remanded to the juvenile court for further evidentiary hearings.

On September 7, 1976, a hearing was held in the juvenile court to con-

sider the remanded evidentiary matters. By order dated September 27, 1976, the court found:

"1. * * * After the mandated consideration of evidence as to the viciousness of the petitioned offense, it necessarily appears that the public protection requires a higher degree of restraint than is presently available within the Juvenile Justice System.

"2. The motion for reference is granted provided however that the granting is stayed, pursuant to dictum in the decision of the Supreme Court in *In Re I. Q. S.* (June 4, 1976), upon condition that:

"a. Respondent agree that the matter be continued until March 29, 1977.

"b. Respondent voluntarily waive his right to a speedy trial.

"c. Respondent concur in reasonable discovery procedures deemed necessary by Petitioner to preserve evidence.

"d. Respondent waive his right of privacy under Minnesota Statutes 260.151, Subd. 2.

"e. Respondent conforms to and participates in such disposition as may be made of him within the limits of Minnesota Statutes 260.185 after hearing on October 13, 1976, at 11:00 a. m., pursuant to Hennepin Juvenile Court Rule 5.7.

"In the event Respondent declines to accept the foregoing conditions, the Motion for Reference will be granted unless Respondent returns the matter to the Supreme Court."

On September 30, 1976, the subject juvenile through his attorney signed the waiver contemplated by the order.

On September 30, 1976, the county attorney filed notice of intent to prosecute. For purposes of the instant petition, the state expresses concern that the proposed dispositional hearing to be held by the juvenile court pursuant to Hennepin County Juvenile Court Rule 5.7 will, in effect, allow jeopardy to attach and successfully preclude any subsequent adult prosecution. Breed v. Jones, 421 U. S. 519, 95 S. Ct. 1779, 44 L. ed. 2d 346 (1975). This result is, it asserts, wholly inappropriate because the juvenile court has no jurisdiction once the court has held that the child cannot be treated with adequate protection for the public.

Although the language employed by the juvenile court purports to grant the motion of the state for reference, subsequent confusing phraseology requires our conclusion that the order is interlocutory in character. This conclusion is based upon the analysis of the waiver provisions of the order indicative of the court's intent to employ flexibility in the disposition of the matter. It appears to this court that the **juvenile court anticipated the implementation** of programs within the

juvenile system which would offer rehabilitative alternatives designed to aid in the treatment of this particular juvenile.

Conceivably, the court has thus chosen to defer the final reference decision for the 6-month period to either allow contemplated rehabilitative programs to materialize, or to enable respondent to participate in certain preadjudication diversionary programs known to the court. Either alternative, absent a showing by the petitioner of a violation of due process or procedural irregularity, is a proper exercise of the broad discretion of the juvenile court. In re Welfare of I. Q. S. 309 Minn. 78, 244 N. W. 2d 30 (1976).

As there is no present jurisdiction by virtue of which the state can prosecute the child as an adult, the remedy of a writ of mandamus is premature and therefore inappropriate. At such time when the conditional order shall become final, the state may take appropriate action pursuant to Minn. St. 260.125, subd. 1, and 260.291, subd. 1.

The juvenile court is, however, cautioned that our pronouncement in In re Welfare of I. Q. S., *supra*, to the effect that detailed findings should be employed to enable the reviewing court to determine the precise basis of the orders, was designed to facilitate effective review of those decisions. Full compliance is urged to accomplish that review.

Writ denied.