TYSON, Judge.
This is a second appeal to this court from an order and judgment of the Circuit Court of Tuscaloosa County, which court has held a hearing to determine certain legal issues in accordance with the opinion and mandate of the Supreme Court of Alabama heretofore issued in this cause on March 3, 1989. See Ex Parte King, 547 So.2d 579 (Ala.1989).
In the opinion of the Supreme Court of Alabama, that honorable court determined that the Municipal Court of Tuscaloosa County, Alabama, had the lawful authority to treat this appellant as a youthful offender. It reversed the Court of Criminal Appeals’ opinion which had heretofore been issued in this cause. See King v. Wooldridge, 547 So.2d 576 (Ala.Crim.App.1988).
Pursuant to the mandate as noted, the Circuit Court of Tuscaloosa County has issued the following order and judgment which was agreed to as the final judgment of the circuit court by their respective attorneys. That judgment is dated August 17, 1989, and reads as follows:
“In The Circuit Court of Tuscaloosa County, AL
“Case No. CC-87-570.70
“Christopher Allen King
Appellant
VS.
Robert V. Wooldridge,
Tuscaloosa Municipal
Court Judge
Appellee
FINAL JUDGMENT
“This cause coming before this Court pursuant to the judgment of the Alabama Court of Criminal Appeals issued on June 16, 1989, after remand from the Supreme Court of Alabama, for proceedings not inconsistent with the Supreme Court’s opinion, and there being present Jon M. Turner, Jr., for the Appellant, Robert V. Wooldridge, Appellee, and Tim Nunnally, City Attorney, and the Court having reviewed the transcript of the original hearing conducted on July 27, 1987 and having considered the arguments of the counsel and the Appellee, “IT IS THEREFORE, ORDERED, ADJUDGED and DECREED as follows:
“1. Petitioner, Christopher Allen King, was- granted Youthful Offender treatment by the Tuscaloosa Municipal Court on March 26, 1987.
“2. A Petition for Treatment as a Youthful Offender was filed with the Municipal Court on the same date.
“3. Petitioner was adjudged a Youthful Offender upon his plea of guilty as a Youthful Offender and fined Two Hundred Fifty and no/100 ($250.00) Dollars plus court costs and ordered to attend the approved D.U.I. School.
“4. Petitioner has complied with and completed the requirements as set out in the Order granting Youthful Offender treatment.
“5. On July 13, 1987, the Municipal Judge entered an Order terminating the Youthful Offender status of Petitioner, restoring the case to the trial docket to be reset for final disposition.
“6. The Municipal Court had not lost jurisdiction to enter the July 13, 1987 Order.
“7. The Municipal Judge denied Youthful Offender treatment after he had previously granted it because he received additional information which he did not have when he initially granted Youthful Offender treatment.
“8. The Order denying Youthful Offender treatment was within the inherent powers of a Court to set aside and vacate its orders and judgments upon sufficient cause shown and to get the case back to the proper status that is permitted by law.
“Done this 17th day of August, 1989.
/s/ John M. Karrh
Circuit Court Judge”
This court is of the opinion that the Circuit Court of Tuscaloosa County has cor *22 rectly determined the issues before that court. It has determined that, in view of the opinion and order of the Supreme Court of Alabama, the Municipal Court of Tuscaloosa County “had not lost jurisdiction to enter the July 13, 1987 order.” That order took away from this appellant the youthful offender status because that court did determine that, in fact, an accident had taken place wherein one party was killed and another remained comatose as a result of the accident in question.
Having reviewed this record and the order and judgment of the circuit court and the applicable authorities as set forth in the briefs of the respective parties, we are of the opinion that the trial court’s order and judgment are correct. See Carter v. State, 435 So.2d 137 (Ala.Crim.App.1982), and § 12-1-7, Code of Alabama 1975 as amended and, also, §§ 12-14-1, 12-14-10, 12-14-11, 12-14-13 and 12-14-70, all Code of Alabama 1975 as amended.
For the reasons herein stated, the order and judgment of the Circuit Court of Tuscaloosa County in this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.