This is an appeal from an order of the Circuit Court of Tuscaloosa County dismissing an appeal for trial de novo.
This case originated as a paternity suit brought by the State of Alabama for Robin Means against Larry D. Pitts in the Domestic Relations Division of the Circuit Court of Tuscaloosa County, Alabama. On April 4, 1989 the court determined that Pitts was the father of the child in question.
Acting as his own counsel, Pitts filed a "Motion for New Trial: Amendments of Judgements" on April 21, 1989, then filed a "Motion for Summary Judgement by defendant" on May 25, 1989. Both motions were heard and denied on either June 8 or June 9, 1989.
On June 8, 1989, Pitts filed a motion to proceed on appeal in which he requested leave to appeal in forma pauperis. That motion was granted by the court. On June 26, 1989 Pitts filed a notice of appeal to the circuit court. The notice indicated that Pitts was appealing a judgment of June 8, 1989. On either June 15, 1989 or June 29, 1989, Pitts filed a demand for a jury trial in the circuit court. The State filed a motion to dismiss the appeal and the motion for jury trial, on the ground that they were untimely filed. The court granted this motion and Pitts appeals to this court.
The dispositive issue in this case is whether the appeal from domestic court to the circuit court was timely filed.
This court has held that timely notice of an appeal is a jurisdictional act and that the failure to provide notice of appeal within the prescribed time requires that the appeal be dismissed ex mero motu. Rudd v. Rudd, 467 So.2d 964
(Ala.Civ.App. 1985); see also Rule 4, Alabama Rules of Appellate Procedure.
In paternity cases brought in domestic court, appeals are specifically governed by § 26-17-20(a), Code 1975. That section states in pertinent part:
 "Appeals shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a post trial motion." § 26-17-20(a), Code 1975 (emphasis added).
In applying this statute to the facts, we find that Pitts's postjudgment motions were themselves untimely filed and did not toll the time for the appeal. All post-judgment motions in juvenile cases, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within fourteen days after entry of the judgment and shall not remain pending for more than fourteen days. Rule 1, Alabama Rules of Juvenile Procedure. Under this rule, Pitts was required to file his posttrial motions no later than April 18, 1989. He filed the posttrial motions on April 21, 1989 and May 25, 1989; thus, they were untimely, and the trial court's denial of them on June 8 did not toll the time for appeal. Rather, the notice of appeal should have been filed within fourteen days of the court's judgment of paternity on April 4. Pitts filed his notice of appeal on June 26; therefore, the appeal was not timely and was properly dismissed. We note that even if the posttrial motions had been filed on time, the trial court would nonetheless have been correct in dismissing the appeal. The posttrial motions were denied on June 8 or June 9, 1989. Under the statute, Pitts would then have had to file his notice of appeal on or before June 22 or June 23, 1989, at the *Page 1140 
latest. Pitts did not file the appeal until June 26, 1989; thus, the appeal was properly dismissed because it was untimely.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.