ON APPLICATION FOR REHEARING
BOWEN, Judge.
This court’s opinion of September 18, 1992, is withdrawn and the following substituted therefor.
This is an appeal from the order of the Juvenile Court of Jefferson County transferring the 16-year-old juvenile appellant, T.L.R., to circuit court for criminal prosecution as an adult for the capital offense of murder committed during the course of a robbery. The issue on this appeal is whether a juvenile court has the authority to reconsider its order denying transfer and order transfer based upon new, although not newly discovered, evidence.
The procedural facts of this case are not disputed. The transfer hearing was held on January 22, 1992. At that hearing, the State relied on the testimony of Bessemer Police Detective Lamar Cruce who took the juvenile’s statements and on the testimony of Kathy Darnell, the probation officer who prepared a “court summary regarding this motion hearing.” R. 161. During the course of that hearing, the juvenile court judge found probable cause to believe that the juvenile “might have committed this murder.” R. 159-60. At the conclusion of that hearing the judge announced: “I’m going to have to take this case under advisement. This is a very difficult case.” R. 203-04.
On February 11, 1992, the juvenile court judge entered an order finding “probable cause that said juvenile committed the alleged offense, but after considering the six factors enumerated in [Ala.Code 1975, § 12-15-34(d)(l) through (6)] denied the Motion to Transfer said juvenile to Adult Court.” R. 37. Ten days later, on February 21, 1992, the State filed a motion to reconsider. In addition, the State filed a motion to continue the scheduled trial in juvenile court which was set for February 28, 1992. Apparently the motion to reconsider was set for hearing by the juvenile court.[1] On March 2, 1992, a second hear *768 ing was held at which the State introduced new, but not newly discovered, evidence. That evidence consisted of the testimony of Diane Kinney, a school counselor, and Clell Hobson, an assistant principal. Both witnesses testified as to the juvenile’s conduct and behavior in school. The prosecutor gave no reason why this testimony was not presented at the January 22, 1992, hearing. On March 9, 1992, the juvenile court “amended” the judgment entered on February 11 and ordered that the juvenile be transferred to circuit court for criminal prosecution as an adult. R. 37.
“There is no post-judgment motion referred to in our rules as a ‘motion to reconsider.’ ” Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985). However, Rule 1, Alabama Rules of Juvenile Procedure, provides, in pertinent part:
“These rules govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent herewith. ... The court retains jurisdiction to amend judgments for 14 days after entry of judgment.”
Implicit in this rule “is a recognition that the court has the power in certain circumstances to grant new hearings or to vacate and disturb prior orders.” State v. Doe, 99 N.M. 460, 659 P.2d 912, 915 (1983). We hold that pursuant to Rule 1, A.R.Juv.P., the juvenile court had the authority to reconsider its order denying transfer and order transfer based upon new, although not newly discovered, evidence.
In State v. Doe, supra, the New Mexico Court of Appeals specifically held that once the juvenile court has denied a motion to transfer it may reconsider its ruling and order a transfer. In that case, the first hearing was held on July 1 and the juvenile court denied the motion to transfer. However, a second hearing was held on July 19 and the motion was granted after the prosecution presented evidence that the juvenile had committed armed robberies on June 29 and July 5. Although that case involved newly discovered evidence, we find that the same principles apply here.
“An irrefutable conclusion from [the] observations [that the procedural rules do not expressly provide for the reopening of transfer hearings] is that the procedural rules do not, and were not intended to cover every eventuality. No citation is necessary to agree that if a rule adopted by the Supreme Court exists, it must be followed. But when there is no rule, we may infer authority from other rules or from general principles.
“One reasonable inference applicable to this case arises from the established authority of a court to alter an interlocutory ruling. A transfer of jurisdiction ... [to circuit court], however, terminates the jurisdiction of the [juvenile] court.... But the denial of a transfer motion is not final — it simply leaves the case in the [juvenile] court for further proceedings. It is, accordingly, interloc-utory_ A court may alter an interlocutory order at any time prior to a judgment concluding the litigation.... The juvenile court has the inherent power to reconsider, by reason of its non-final nature, an order denying a motion to transfer.
“As a second basis for reaching this conclusion, we note that none of the usual impediments are present that might prohibit the juvenile court from reconsidering its ruling.
“(1) The child does not argue a time bar to the transfer.... The motion to reconsider was ... filed only a few days following the court’s denial of transfer and within a few days after the State’s discovery of new evidence.
“(2) Apart from the fact that the child abandoned the claim, double jeopardy is not an issue. The child is not put into *769 jeopardy at a transfer hearing. In Interest of S.M.P. [168 W.Va. 626], 286 S.E.2d 408 (1981); People in Interest of L.V.A., 248 N.W.2d 864 (S.D.1976). See Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); State v. Doe, 91 N.M. 158, 571 P.2d 425 (Ct.App.1977).
“(3) Collateral estoppel is similarly not an issue. That doctrine only applies to final judgments. C & H Construction & Paving Co. v. Citizens Bank, 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979). See State v. Orosco, 22 N.M.S.B.B. 111. As we have earlier said, the order denying the transfer is not a final judgment.
[[Image here]]
“Because the statutes and rules make no specific provision for allowing or prohibiting rehearings on transfer motions, it is relevant to examine the wisdom or fairness of reconsideration.
“On the side of the child, one might question the use of a procedure which permits the State to vex the child with repeated rehearings until the court is finally persuaded to the State’s position. There is further the likelihood that the older a child gets as additional procedures are exhausted, the less amenable to treatment as a child he will become and, thus, age alone will make him more susceptible to transfer as an adult.
“We believe that an analysis such as was suggested in State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972), will meet these presumed arguments. In other words, should the State pursue a course of filing motions for rehearings in an effort to obtain a favorable result before or after the child exceeds the age of successful rehabilitation as a juvenile, the courts would deal with it according to the guidelines of Stanley, supra. In the instant case, the good faith of the State is not in question.
“Examining the procedure from the State’s viewpoint, on the other hand, forces a recognition of the policy that criminal consequences are imposed upon delinquents only consistently with the protection of the public.... If a child once amenable to treatment is no longer so, or if he behaves in a manner that leaves the public unprotected should he be treated as a juvenile offender, the [juvenile] court must have the power to transfer him, notwithstanding a prior determination not to do so. See State v. Doe, 97 N.M. 263, 639 P.2d 72 (Ct.App. 1981).
“These policy considerations must be concerned with the kind of evidence the court may consider upon a rehearing for transfer. Should the hearing be limited to evidence relating only to circumstances or events occurring before the original hearing? Several cases have held that because of perceived reasons for juvenile codes and their provisions to permit transfer to district court for trial of a juvenile as an adult, the evidence to be considered may be that existing at the time of the latest transfer hearing, in addition to that produced at the earlier hearing. Matter of Welfare of Hartung, 304 N.W.2d 621 (Minn.1981); In Interest of White, 227 Kan. 881, 610 P.2d 1114 (1980); Commonwealth v. Sadler, 301 Pa.Super. 228, 447 A.2d 625 (Pa.Super.1982). We agree with the reasoning of those courts.
“For these reasons also, we hold that district courts must have discretion to reopen transfer hearings for the purpose of reconsidering decisions rendered before new evidence of cause for transfer became available, and before the adjudicatory phases of determination have been reached.”
Doe, 659 P.2d at 914-16. See also Reyes v. State, 630 S.W.2d 798, 799-800 (Tex.App. 1 Dist.1982), affirmed, 647 S.W.2d 255 (Tex. 1983).
We also find persuasive the unreported case of State v. Gandy, [Ms. 53884, 54010, June 16, 1988] 1988 WL 86711 (Ohio App.), wherein the court held:
“[A] ruling on a motion to transfer ... is a non-final order. In re Becker (1974), 39 Ohio St.2d 84, 87 [314 N.E.2d 158]. Indeed the denial of a motion to transfer has no dispositional effect, since the juvenile court continues to exercise its jurisdiction over the case. Juv.R. 30(D).
*770 “However, the defendant mistakenly asserts that the juvenile court lacked authority to reconsider its Juv.R. 30(A) ruling because it was not a final order. He reasons that the state’s Civ.R. 60(B) motion could only address final judgments. However, any court can properly reconsider its own interlocutory orders before it disposes of a case. Cf. Jarrett v. Dayton Osteopathic Hospital, Inc., (1985), 20 Ohio St.3d 77, 78 [486 N.E.2d 99]. Hence, the juvenile court had that prerogative, regardless of the state’s characterization for its motion. ...
“The defendant next complains that the court accepted evidence which the state could have produced at the first hearing, when it reconsidered probable cause.... However, the juvenile court could properly reconsider its own non-final order, even if it relied on evidence that a party might have produced earlier.
“The requirement that evidence was unavailable earlier applies only when a party seeks to destroy the finality of an otherwise final order. See Civ.R. 59(A)(8), 60(B)(2); cf. Columbus v. Grant (1981), 1 Ohio App.3d 96, 97 [439 N.E.2d 907] (court has discretion to permit a party to reopen its case at trial for evidence that may have been available earlier).”
The rule in Alabama is that jeopardy does not attach to a juvenile transfer hearing. See Cruse v. State, 489 So.2d 694, 695-97 (Ala.Cr.App.1986) (second transfer hearing not barred after original order of transfer reversed on appeal due to insufficiency of evidence); Driver v. State, 456 So.2d 1140, 1141-42 (Ala.Cr.App.1984).
“[I]t cannot be disputed that courts of record have the inherent power to set aside and vacate their orders and judgments, although a judge should not merely ‘change his mind’ without sufficient cause or reason.” Carter v. State, 435 So.2d 137, 141 (Ala.Cr.App.1982) (revocation of youthful offender status after previous grant justified by receipt of information judge did not have when he initially granted youthful offender status). See also King v. Wool-dridge, 563 So.2d 20, 22 (Ala.Cr.App.1990) (previous grant of youthful offender treatment revoked in prosecution for DUI where “court did determine that, in fact, an accident had taken place wherein one party was killed and another remained comatose as a result of the accident in question”).
“An interlocutory judgment is subject to modification at any time before final judgment. Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275 (1944). Since such judgments were interlocutory in nature and were still within the breast of the court, Rules 59 [new trial] and 60 [relief from judgment] of the Alabama Rules of Civil Procedure did not apply. Our rules of civil procedure did not alter the power of a court to modify an interlocutory judgment at any time prior to a final judgment. 11 Wright & Miller, Federal Practice and Procedure, § 2852 at 145 (2d ed. 1970).”
Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ.App.1979).
The juvenile court acted within its authority and jurisdiction in granting the motion to transfer after reconsidering its earlier order denying transfer. “[T]he transferring court should not be reversed unless its ruling is clearly erroneous.” Bragg v. State, 416 So.2d 715, 716 (Ala.1982).
Based on these considerations, the order of the juvenile court transferring the juvenile to circuit court for prosecution as an adult is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED;
APPLICATION FOR REHEARING OVERRULED;
MOTION FOR ADDITIONAL FACTS WITH REGARD TO CORRECTED DATES GRANTED.
All Judges concur.

. In the written order of transfer, the juvenile court stated in this regard: "Within 14 days after said judgment was entered [on February 11, 1992] the State filed this Motion [to reconsider] pursuant to Rule 1 of the Rules of Juvenile Procedure whereby the Court retains jurisdiction to amend it's judgment.” R. 37. At the beginning of the hearing on the motion to reconsider, the juvenile court judge stated that he had "talked to the attorneys before this.” R. 3.
"A1I post-judgment motions in juvenile cases, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within fourteen days after entry of the judgment and shall not remain pending for more than fourteen days. Rule 1, Alabama Rules of Juvenile Procedure.” Pitts v. Means, 571 So.2d 1138, 1139 (Ala.Civ. App.1990), cert. denied, — U.S.-, 111 S.Ct. 2059, 114 L.Ed.2d 464 (1991). See also Potter v. State of Alabama Department of Human Re *768 sources, 511 So.2d 190, 192 (Ala.Civ.App.1987) (amendatory order was a nullity where motion to amend was filed more than 14 days after original order); Matter of Hicks, 446 So.2d 647, 648 (Ala.Civ.App. 1984) ("the applicable time limit for ruling on a posttrial motion in a juvenile proceeding in district court is fourteen days” after the motion for rehearing has been filed).