MONTIEL, Judge.
The appellant, Johnny Blane Maynor, was convicted of burglary in the third degree, § 13A-7-7, Code of Alabama 1975, and was sentenced to three years in prison. His sentence was suspended, conditioned upon his successful completion of the Department of Corrections’ disciplinary rehabilitation program, also known as boot camp.
The appellant argues that he was twice placed in jeopardy when the juvenile court transferred him to circuit court to be tried as an adult on the same charges for which he had already been adjudicated guilty in juvenile court. According to the record, on November 27,1991, a petition was filed in Laud-erdale Circuit Court, Juvenile Court Division, charging the appellant with being a juvenile delinquent for committing burglary in the third degree and theft in the first degree in connection with the theft of several items from Cloverdale School in Cloverdale, Alabama. The State moved to transfer the appellant to circuit court for trial as an adult. After a hearing on the motion, and an “extensive conference off the record [between the court,] the lawyers and chief probation officer,” the State’s request was denied. Immediately after the motion to transfer was denied, the appellant pleaded guilty to burglary in the third degree and to theft in the first degree. The juvenile court accepted the guilty pleas, saying:
“All right, now based upon the evidence that I heard, I find you guilty of [burglary in the third degree and theft in the first degree]. And I’m going to commit you to the Department of Youth Services, Johnny. And I’m going to try to place you in the Boys’ Attention Home until [Department of Youth Services] can get you in about two weeks from now.
“I don’t know whether you’re going to go ... by their rules or not. If you don’t stay there, and you don’t go by their rules, I’ll have to pick you up, and I’ll put you in detention.
“I know you know what that’s like. So you can stay at the Boys’ Attention Home, if you want to, or you can stay in detention. That decision will be a decision that you make until the Department of Youth Services.”
The juvenile court also made the following notation on the case action summary sheet:
“2-27-92 Transfer hearing held. Motion to transfer is denied. Plea of guilty entered. Order of commitment to DYS entered. Order of placement in Attention Home entered. Restitution to Lauderdale Co. Board of Education is ordered in the amount of $1,000.00. Court cost is waived.
7s/ Ned Michael Suttle Judge”
The following day, the appellant ran away from the Boys’ Attention Home. The juvenile court entered the following notations in the case action summary sheet:
“2-28-92 The juvenile having gone AWOL from the Attention Home and upon reconsideration, the Court grants the State’s motion to transfer.
7s/ Ned Michael Suttle Judge”
“3-2-92 Carried to Adult Court. W.P.”
After • the appellant’s case was transferred to circuit court, the Lauderdale County grand jury returned a three-count indictment against the appellant, charging him with burglary in the third degree, theft in the first degree, and receiving stolen property in the first degree. The charges arose out of the same incident at Cloverdale School for which the appellant had been adjudicated guilty in juvenile court.
On January 26, 1993, before his arraignment, the appellant filed a plea of former jeopardy. At his arraignment that same day, the appellant’s counsel informed the court *976 that a former jeopardy plea was pending, and the appellant then pleaded not guilty. The court denied the former jeopardy plea by written order issued on February 9, 1993. Then, on February 26, 1993, the appellant pleaded guilty to burglary in the third degree. He was sentenced on May 13, 1993.
The appellant argues that the juvenile court was statutorily barred from transferring his case to the circuit court after the juvenile court adjudicated him guilty. We agree. Section 12-15-66(e), Code of Alabama 1975, providing in pertinent part:
“Criminal proceedings and other juvenile proceedings based upon the offense alleged in the petition or an offense based upon the same conduct are barred where the court has begun taking evidence or where the court has accepted a child’s plea of guilty to the petition.”
On its face, the statute precludes transferring a child to circuit court once the juvenile court has accepted the child’s guilty plea. The State argues, however, that the legislative intent of the statute, as set out in the commentary to § 12-15-66, was to conform Alabama law to United States Supreme Court decisions, specifically Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Breed, the State contends, contains an exception that would allow a juvenile court to transfer a child already adjudicated guilty to adult court “when it is justified by the interest of society, reflected in that unique institution, or of juveniles themselves, of sufficient substance to render tolerable the costs and burdens which the exception will entail in individual eases.” State’s brief at 6, citing Breed, supra. We disagree with the State’s analysis of Breed, however.
In Breed, a petition was filed in the Superior Court of California, County of Los Angeles, Juvenile Court, alleging that the juvenile had committed armed robbery. After an adjudicatory hearing at which testimony was taken from two witnesses as well as the defendant, the juvenile court found that the allegation was true, then set the case for a dispositional hearing. Following the disposi-tional hearing, and after considering the probation officer’s report, the juvenile court declared the defendant “unfit for treatment as a juvenile,” and ordered that he be prosecuted as an adult. The United States Supreme Court held that the juvenile was put in jeopardy at the adjudicatory hearing, and, therefore, was subjected to double jeopardy when he was ordered to be tried as an adult. Breed, 421 U.S. at 531, 95 S.Ct. at 1786-87.
“We believe it is simply too late in the day to conclude, as did the District Court in this case, that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.”
Breed, 421 U.S. at 530, 95 S.Ct. at 1785.
This court, in Smith v. State, 368 So.2d 298 (Ala.Crim.App.1978), writ quashed, 368 So.2d 305 (Ala.1979) reached a holding similar to that of the United States Supreme Court in Breed. In an opinion authored by Judge Bowen, writing for a unanimous court, this court held:
“If the juvenile court determines that the juvenile has actually violated a criminal law, adjudges the juvenile delinquent and unfit for treatment as a juvenile and transfers him to the Circuit Court for treatment as an adult offender, jeopardy has attached under the doctrine announced in Breed, and the juvenile would be placed in double jeopardy by trial in the Circuit Court. The juvenile court is only authorized to make a finding of probable cause concerning the specific act leading to the delinquency petition before transferring the juvenile for trial in Circuit Court. Boyd v. State, 341 So.2d 680 (Ala.1977). See also Government of Virgin Islands v. Smith, 558 F.2d 691 (3d Cir.1977). Any adjudicatory finding of delinquency in the juvenile court that the juvenile had violated a criminal statute would cause jeopardy to attach. Breed, supra; Boyd, supra.
Smith, 368 So.2d at 301. See also Kinder v. State, 515 So.2d 55 (Ala.Crim.App.1986); Cruse v. State, 489 So.2d 694 (Ala.Crim.App.1986).
Clearly when the juvenile court in this case accepted the appellant’s guilty pleas and *977 found the appellant guilty of the charges, jeopardy attached. When the juvenile court decided to transfer the appellant to the circuit court after the appellant ran away from the Boys’ Attention Home, the court essentially determined that the appellant was unfit to be treated as a juvenile. The court then transferred the appellant to circuit court after having already determined that the appellant was guilty of violating a criminal law and after adjudging the appellant delinquent. Therefore, jeopardy had attached to this appellant upon the juvenile court’s acceptance of his guilty pleas and upon the court’s finding that he was guilty. For the juvenile court to then transfer this appellant to circuit court to stand trial on the same charges for which he had already been adjudicated guilty violated the Double Jeopardy Clause of the Fifth Amendment, as applied to the states through the Fourteenth Amendment.
We note that the State’s reliance on T.L.R. v. State, 608 So.2d 767 (Ala.Crim.App.1992), as authority for permitting the juvenile court to transfer this case to circuit court is misplaced. T.L.R. dealt with an appeal from the juvenile court’s order transferring the appellant to circuit court after the juvenile court had previously denied the transfer, then reconsidered its denial after reviewing new evidence. The rule in Alabama is that jeopardy does not attach at a juvenile transfer hearing. T.L.R., 608 So.2d at 770. The appellant had not been adjudicated guilty in that case, therefore, T.L.R. is easily distinguishable from this case, in which the appellant was adjudicated guilty.
The juvenile court violated the appellant’s right not to be twice subjected to jeopardy. Therefore, we reverse the judgment of the circuit court, and the circuit court is directed to set aside and vacate Maynor’s conviction.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.