541 N.W.2d 14 (1995)
In the Matter of the Welfare of S.W.N., child.
No. C0-95-1119.
Court of Appeals of Minnesota.
December 19, 1995.
Review Denied February 9, 1996.
*15 John M. Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, for appellant.
Hubert H. Humphrey, III, Attorney General, Michael S. Jesse, Benton County Attorney, Foley, for respondent.
Considered and decided by AMUNDSON, P.J., and KLAPHAKE and HARTEN, JJ.

OPINION
HARTEN, Judge.
Benton County authorities instituted a delinquency proceeding against appellant child, alleging that appellant attempted to murder his mother, his brother, and his mother's boyfriend by rigging an explosion in their mobile home. Appellant challenges the district court order designating the proceedings an extended jurisdiction juvenile (EJJ) prosecution. We affirm the EJJ designation.

FACTS
On March 7, 1995, within one month of appellant's sixteenth birthday, appellant's mother reported to the police that appellant had run away and that she believed that he had attempted to blow up their mobile home. She indicated that the gas stove's pilot lights had been blown out; that the burners had been turned on; that a candle had been left burning; and that matches and a strike plate had been attached to the door and floor to create a spark when the door was opened.
Shortly thereafter, appellant called police from a pay phone saying he believed that he had killed his mother, his brother, and his mother's boyfriend. An officer picked up appellant on his way to responding to the mother's call. At the mobile home, the officer detected a strong odor of natural gas and observed the candle, matches, and strike plate.
In his statement to the police, appellant admitted that he had rigged the explosion in an attempt to kill the three people sleeping in the mobile home. He stated that when he called the police, he believed that the three people were dead; he was disappointed that his plan had not succeeded. Appellant stated that in the preceding months he had considered either stabbing or shooting his mother and her boyfriend. Appellant also stated that he subjected his brother to the explosion attempt because waking him would have jeopardized the plan. Finally, appellant indicated that he wanted to kill his mother and her boyfriend to finish the job begun by his father, who was serving a prison sentence for attacking appellant's mother and her then-husband five years before.
The prosecutor filed a delinquency petition, alleging three counts each of attempted first and second degree murder, and the district court found probable cause that appellant had committed the charged offenses. The prosecutor also moved the district court to designate appellant's delinquency proceeding an extended jurisdiction juvenile prosecution under Minn.Stat. § 260.126 (1994). After a hearing, the district court granted the motion, and this appeal followed.

ISSUE
Did the prosecutor show by clear and convincing evidence that it serves public safety to designate appellant's delinquency proceeding an extended jurisdiction juvenile prosecution?

ANALYSIS
In 1994 the legislature created the extended jurisdiction juvenile (EJJ) classification. Minn.Stat. § 260.126 (1994). Under an EJJ prosecution, the child will be given both a juvenile disposition and an adult criminal sentence upon a finding of delinquency; the criminal sentence will be stayed, however, on the condition that the child not violate the terms of the juvenile disposition or commit a new offense. Id., subd. 4. In addition, the juvenile system's jurisdiction over the child extends past the child's nineteenth birthday (the normal termination point) until the child turns 21. Minn.Stat. § 260.181, subd. 4(b) *16 (1994). The amendments creating the EJJ system took effect on January 1, 1995. 1994 Minn. Laws ch. 576, §§ 14, 68.[1]
If a child is 14 to 17 years old at the time of the charged offense, the prosecutor may move for an EJJ designation. Minn.Stat. § 260.126, subd. 1(3). A hearing is held, at which the prosecutor must show by clear and convincing evidence that "designating the proceeding an [EJJ] prosecution serves public safety." Id., subd. 2. In determining whether public safety is served, the district court considers the following factors:
(1) the seriousness of the alleged offense in terms of community protection, including the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm, and the impact on any victim;
(2) the culpability of the child in committing the alleged offense, including the level of the child's participation in planning and carrying out the offense and the existence of any mitigating factors recognized by the sentencing guidelines;
(3) the child's prior record of delinquency;
(4) the child's programming history, including the child's past willingness to participate meaningfully in available programming;
(5) the adequacy of the punishment or programming available in the juvenile justice system; and
(6) the dispositional options available for the child.
In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the child's prior record of delinquency than to the other factors listed in this subdivision.
Minn.Stat. § 260.125, subd. 2b (1994); see Minn.Stat. § 260.126, subd. 2 (adopting factors from section 260.125, the adult certification provision for EJJ purposes).
Appellant challenges the district court order granting the county's motion for EJJ designation. This is a case of first impression concerning the application of the new EJJ provisions. We apply the following standard of review in certification (formerly reference) cases:
A juvenile court has considerable latitude in determining if certification for adult prosecution will be made. Its decision will not be upset unless its findings are clearly erroneous so as to constitute an abuse of discretion.
In re Welfare of J.L.B., 435 N.W.2d 595, 598 (Minn.App.1989), review denied (Minn. Mar. 17, 1989). In addition, for purposes of certification hearings, the charges against the juvenile are presumed to be true. Id. We hold that these standards also govern this court's review of EJJ rulings.
Appellant argues that the EJJ designation was improperly based solely on his age and the seriousness of his offense. See In re Welfare of Dahl, 278 N.W.2d 316, 320-21 (Minn.1979). In Dahl, the supreme court held that the juvenile court erred in referring the child for adult prosecution solely because of his proximity to age 18 and the seriousness of the offense. Id. The supreme court stated:
The record must reflect more reasons portending future danger; otherwise appellant would be referred solely on the basis of the offense in question. * * * [T]he existing statutory framework does not authorize referral based on the specific crime charged. Accordingly, this court did not intend the application of the [relevant] factors to result in the referral of a juvenile solely because of the alleged offense. * * * The record must contain direct evidence that the juvenile endangers the public safety for the statutory reference standard to be satisfied.
Id. at 321. The supreme court subsequently stated the rule as follows:
In order for the statutory reference standard to be satisfied, the record must contain direct evidence of dangerousness in addition to the inferences which may be drawn from the commission of the crime itself.
In re Welfare of K.P.H., 289 N.W.2d 722, 725 (Minn.1980); accord In re Welfare of M.E.P., *17 523 N.W.2d 913, 925 (Minn.App.1994); In re Welfare of D.T.N., 508 N.W.2d 790, 796 (Minn.App.1993), review denied (Minn. Jan. 14, 1994); In re Welfare of R.D.W., 407 N.W.2d 113, 117 (Minn.App.1987), review denied (Minn. July 15, 1987). The rationale of this non-offense related evidence of dangerousness rule is that the legislature would have made reference as an adult mandatory for certain offenses had it intended that the seriousness of the offense alone would be sufficient to support reference. Dahl, 278 N.W.2d at 320.
We conclude that the same requirement of non-offense related evidence of dangerousness applies to motions for EJJ designation. The legislature may have intended that the EJJ classification serve as a middle ground appropriate for some juveniles who could not be certified for adult prosecution. Such an intent would accommodate threshold requirements somewhat more relaxed than those required for certification (formerly reference). A lower threshold does not necessarily mean, however, that EJJ designation should be permitted based solely on the charged offense because the legislature chose not to provide explicitly a list of offenses the seriousness of which required EJJ designation. The lower threshold for EJJ designation is demonstrated as follows: for certification, the prosecutor must show that retaining the child in the juvenile system does not serve public safety, Minn.Stat. § 260.125, subd. 2(6); for EJJ designation, on the other hand, the prosecutor need only show that such designation serves public safety, Minn. Stat. § 260.126, subd. 2. We hold that the prosecuting authority must submit non-offense related evidence of dangerousness to show that an EJJ designation serves public safety.
We disagree with appellant's contention that the "non-offense related evidence" requirement has not been met in the instant case. It is true that appellant had no prior record of delinquency and that the prosecutor presented no evidence that appellant has engaged in any harmful conduct other than the charged offenses. Evidence supporting EJJ designation of appellant is compelling, however, including appellant's diagnoses with a conduct disorder and explosive intermittent disorder, his lack of a conscience or any remorse, and his continuing inappropriate subjection to influences of his father, whose own violent crimes against appellant's mother inspired the charged offenses. Appellant's offenses are manifestations of appellant's emotional problems; the risk to public safety results from these problems. We conclude that the prosecuting authority satisfied its burden of presenting non-offense related evidence of the risk to public safety posed by appellant.
The emotional problems related above, combined with the seriousness of the offenses and the high level of appellant's culpability and participation, provide sufficient evidence to support a finding that appellant's EJJ designation serves public safety. We hold that the district court did not abuse its discretion in designating appellant's juvenile proceeding an EJJ prosecution.

DECISION
The district court did not err in concluding that the prosecuting authority met its burden of showing by clear and convincing evidence that an EJJ designation serves public safety. Accordingly, we affirm the district court order designating appellant's juvenile proceeding an extended jurisdiction juvenile prosecution under Minn.Stat. § 260.126.
Affirmed.
NOTES
[1] We recently held that the EJJ provisions do not violate the constitutional principle of separation of powers and are not unconstitutionally vague. In re Welfare of L.J.S., 539 N.W.2d 408 (Minn. App.1995).