864 So.2d 1089 (2002)
S.D.C.
v.
N.L.
2010746.
Court of Civil Appeals of Alabama.
October 4, 2002.
Rehearing Denied May 16, 2003.
Charles G. Spradling, Jr., Alabama Legal Services, P.C., Anniston, for appellant.
Peggy P. Miller of Caldwell & Miller, Anniston, for appellee.
MURDOCK, Judge.
On March 21, 2001, N.L. filed a complaint in the Calhoun Circuit Court, Juvenile Division, seeking an order declaring him to be the "legal and biological father" of C.B.C. ("the minor child"). N.L. requested, among other things, that the court enter an order directing that DNA testing be performed on him, the minor child, and the minor child's mother (S.D.C.); that he be awarded the temporary care, custody, and control of the minor child pending a final hearing; that he be awarded the care, custody, and control of the minor child upon a final hearing, subject to visitation by the mother; and that the mother be ordered to pay child support in accordance with the Child Support Guidelines of Rule 32, Ala. R. Jud. Admin.
On May 16, 2001, the mother filed an answer to N.L.'s complaint and counterclaimed for custody of the minor child, *1090 child support, and attorney fees in the event N.L. was determined to be the biological father of the minor child.
Following an ore tenus proceeding on November 6, 2001, the trial court entered a judgment on November 20, 2001, that, among other things, declared N.L. to be the father of the minor child; awarded the parties joint custody, with N.L. having the "primary placement" of the minor child subject to secondary placement with the mother; and ordered the mother to pay child support in accordance with Rule 32.
On December 4, 2001, N.L. filed a motion asking, among other things, that the court alter, amend, or vacate the portion of its judgment relating to the mother's visitation.[1] On December 14, 2001, the mother filed a motion to alter, amend, or vacate the trial court's November 20, 2001, judgment or, in the alternative, for the trial court to make a finding of fact upon which that judgment was based. Thereafter, on December 18, 2001, the mother filed a response to N.L.'s motion to immediately suspend her visitation and to N.L.'s motion to alter, amend, or vacate. The mother also moved the court to set aside the December 4, 2001, order suspending her visitation. On March 13, 2002, the trial court entered an order purporting to deny the parties' postjudgment motions; the mother filed a notice of appeal on April 24, 2002.
Although neither party has questioned this court's jurisdiction, we first consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
Section 26-17-20, Ala.Code 1975, governs appeals from final judgments in paternity actions. That Code section provides, in pertinent part:
"(a) ... Appeals shall be taken from the juvenile or the family court division of either the district or circuit court to the circuit court for a trial de novo.... Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a post trial motion.....
"(b) Appeals may be taken from the juvenile or family court division of the district or circuit court directly to the Court of Civil Appeals if there is an adequate record or stipulation of the facts by the parties.... Written notice of appeals in appeals brought pursuant to this subsection shall be filed within 14 days of the entry of the judgment or order appealed from."
Thus, in an action to determine paternity, a notice of appeal, whether to an appellate court or to a circuit court for a trial de novo, must be filed within 14 days of the entry of the judgment or order at issue.
Rule 1(B), Ala. R. Juv. P., provides that "[a]ll post-judgment motions ... must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days." The trial court entered its final judgment on November 20, 2001. N.L. filed a timely postjudgment motion on December 4, 2001. The mother filed her postjudgment motion on December 14, 2001, beyond the 14 days allowed by Rule 1(B). The trial court entered an order on March 13, 2002, in which, among *1091 other things,[2] it purported to act upon the parties' postjudgment motions. However, any action upon the parties' postjudgment motions by the trial court on March 13, 2002, was a nullity because the trial court had no jurisdiction to act on the mother's untimely postjudgment motion, see Pitts v. Means, 571 So.2d 1138, 1139 (Ala.Civ.App. 1990), and N.L.'s postjudgment motion had already been denied by operation of law on December 18, 2001, see Potter v. State Dep't of Human Res., 511 So.2d 190, 192 (Ala.Civ.App.1986). The mother had 14 days from December 18, 2001, to file her notice of appeal.
The mother's notice of appeal filed on April 24, 2002, was filed well beyond the 14 days from the date of the entry of the judgment or order appealed from as required by Ala.Code 1975, § 26-17-20(b). Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." This court is without jurisdiction; therefore, this appeal is due to be dismissed. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App.1991).
The appellee's request for the award of an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
NOTES
[1] The motion also requested an immediate suspension of the mother's visitation with the minor child. The trial court granted this request, in effect staying the visitation portion of its judgment pending further court action.
[2] In its March 13 order the trial court also stated that it was lifting its suspension of the mother's visitation rights.